(44 South. 856.)

No. 16,838.

STATE v. MARKS.

(Nov. 4, 1907.)

CRIMINAL LAW—APPEAL—AFFIRMANCE.

In the absence of assignment or suggestion of error, the judgment will be affirmed, where the record discloses no patent illegality in the proceedings.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 4454.]

(Syllabus by the Court.)

Appeal from Criminal District Court, Parish of Orleans; Frank D. Chrétien, Judge.

Samuel S. Marks was convicted of crime, and appeals. Affirmed.

Henriques & Dunn, for appellant. Walter Guion, Atty. Gen., James Porter Parker, Dist. Atty., and Henry Mooney, Asst. Dist. Atty. (Lewis Guion, of counsel), for the State.

LAND, J. Defendant was duly convicted and sentenced for the crime of assault with intent to commit rape, and has appealed.

The record contains no bill of exception, and error has neither been assigned nor suggested. The proceedings appear to be regular.

Judgment affirmed.

———————

(44 South. 856.)

No. 16,669.

LEWIS v. HURRY.

(Nov. 4, 1907.)

DIVORCE—ADULTERY—EVIDENCE.

The fact of a wife having syphilis will not justify a divorce on the ground of adultery, where the parties lived together as man and wife for over a year after the husband knew of the wife's having the disease, and the husband shows no more reason at the time of bringing the suit for divorce than he had while he was living with his wife for ascribing a criminal origin to the trouble.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, §§ 411–441.]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Walker Byers Sommerville, Judge.

Action by Clara Lewis, wife of Andrew Hurry, against Andrew Hurry. Judgment for defendant, and plaintiff appeals. Affirmed.

Robert John Maloney, for appellant. Woodville & Woodville, for appellee.

PROVOSTY, J. In this case the wife sues the husband for a divorce on the grounds of cruel treatment and adultery. The husband, in reconvention, sues for divorce on the grounds of defamation and adultery.

The wife has made no attempt to prove the charge of adultery brought against her husband, and her proof as to cruel treatment consists in the testimony of her daughter as to what took place on one occasion. The judge a quo evidently took the young lady's testimony with a grain of salt, as we ourselves must do, and a large one.

The husband has made no attempt to prove the charge of adultery against the wife, except by showing that she had syphilis which she had not contracted from him. But he continued to live with her as his wife for over a year after knowing that she had this disease, and shows no more reason now than he had then for ascribing a criminal origin to the trouble. The alleged defamation consists in a scene which she made him some three years or more before he severed his marital relations with her.

The defendant would have the children taken away from the mother, because of the danger of her communicating her disease to them by kissing. Doubtless her physician has fully warned her against this danger, and her motherly solicitude may be trusted to preserve the children from it.

The respective demands of the parties were rejected.

Judgment affirmed.