BREAUX, C. J.
The defendant was charged with perjury. The district attorney presented an information to the court, in which he averred that the defendant had committed perjury in the case of the State v. E. S. Whitaker. She was tried and found guilty, and condemned to serve 12. months at hard labor in the state penitentiary.
The one point in the cause was raised by a motion in arrest of judgment, which was overruled and a bill of exceptions reserved. The contention of the defendant is that the district court had no jurisdiction in the case of the State v. E. S. Whitaker, in which he was prosecuted for a crime against nature and found guilty. After the record in his appeal to this court had been filed, he departed this life, and, in consequence, the appeal abated.
[1] To the end of sustaining its contention, the defense urged that the information did not denounce a crime under Act 69 of 1896. Edward Stanley Whitaker was charged with the crime against nature, and was found guilty by a jury. There is .no evidence before the court to sustain the ground of want of jurisdiction in matter of the Whitaker Case. No bill of exceptions was taken as relates to the point now urged that the indictment in the Whitaker Case was illegal and null, and that, in consequence, the court was without jurisdiction. It has been repeatedly decided, where a point is not brought up by bill of exceptions, no demurrer or motion to quash, or assignment of error, it will not be reviewed on appeal.
[2] A similar question was presented to this court in State v. Bush, 117 La. 466, 41 South. 793, in which the trial judge had charged the jury, in writing, in regard to the law applying in words that gave rise to very serious contentions as to the correctness of the charge. The charge was not excepted to. The court held that, even if the charge given in writing in full did not follow the law applying, the court wohld not disturb the verdict, because no exception was taken. The question was discussed at length, and the court held, no bill of exceptions having been taken, it would adhere to the position previously announced in several decisions, and overruled those decisions not in accord with the principle laid down; that, in all instances on appeal, the rule referred to must be followed. It did not admit of an exception, and since that decision was rendered the ruling has been considered as binding. A number of decisions have been rendered and the verdict affirmed in accordance with the views expressed in the Bush Case, supra. Upon that statement alone, the case was disposed of on appeal. There is no good reason to set aside the ruling. In the cited case, the defendants were found guilty of murder without capital punishment. The court said:
*109 “As there is do error on the face of the papers, no bill of exceptions was taken, the case is not reviewable on appeal.” State v. Wilson, 109 La. 74, 33 South. 85.
On the same ground, the judgment was affirmed in State v. Marks, 119 La. 1035, 44 South. 856. In a ease of that gravity, the rule here announced was expressly adhered to. The failure to take a bill of exceptions to the judge’s charge is the same in effect to the failure to take a bill of exceptions on motion in arrest of judgment. The present case is much stronger by reason of the fact that, if the evidence had been ‘introduced to establish the illegality of the indictment against Whitaker, it would not have been admissible.
There are therefore two illegalities: First, the evidence was not admissible if it had beén offered, and if it had been admissible it was not offered, and no bill of exceptions, therefore, could have been taken as relates to the first point urged, which cannot be brought up in a motion in arrest of judgment.
[3] We are lead to inquire whether there is error patent on the face of the record. This leads us to the inquiry, What is the record? A definition answers the question. It includes the caption in a criminal case, a statement of time and place of holding the court, the indictment or information with the indorsement, the arraignment, the plea of the accused, mention of the impaneling of the jury, verdict, and judgment of the court. United States v. Taylor, 147 U. S. 695, 13 Sup. Ct. 479, 37 L. Ed. 335. There was no error found in the foregoing records. The records are before the court in the required form, and disclose no error.
[4] But, as the defendant insists that the motion in arrest does present the point, it becomes necessary to determine what issii'es can be considered. The cause must be limited to them. They are objections which are apparent on the face of the record, but no objections to sustain which evidence must be received. State v. Kline, 109 La. 606, 33 South. 618; State v. Summerlin, 116 La. 450, 40 South. 792. We have not found a well-considered decision, forming part of the jurisprudence of this state, holding to tha contrary. In other jurisdictions, it is not different. Century Digest, vol. 15, p. 238, par. 2423. The following is an excerpt from Bishop on New Criminal Procedure, 4th Ed. vol.-:
“At the common law, this motion will be sustained for defects apparent on the face of the record; no others.”
[5] The next contention of defendant that the court had no jurisdiction is presented with great earnestness by learned counsel. If the facts were as urged, the conclusion of defendant would be unavoidable. They are not. The indictment in the Whitaker Case is not before the court on appeal, was not offered in evidence by the state on the trial in this case in the district court, and was not part of the record, if offered.
The court had jurisdiction to try the case against Whitaker. We will not assume that it was without jurisdiction, as the fact to prove its want of jurisdiction is not before this court. As the want of jurisdiction charged does not appear on the face of the record, it cannot afford good ground for dismissing the suit. See State v. Fink, 127 La. 191, 53 South. 519, in which the court held that evidence aliunde will not be considered to the end of determining that the court was without jurisdiction. The presumption is that the court had jurisdiction, and the burden is upon the defendant to show affirmatively that the court had no jurisdiction. This plea itself to the want of jurisdiction was not evidence. Mere allegations are not evidence in favor of the one by whom they are made. A verdict and judgment are taken as correct until reversed.
Affirming the legality of proceedings *111 against one of the opposite sex, sometimes weak and easily influenced, is not an easy task. We, none the less, must enforce the law as it is written, and we will not consider evidence, not introduced, and not admissible if it had been offered, on motion in arrest of judgment.
The verdict and judgment are affirmed.