**(117 So. 752)**

No. 29292.

## STATE v. LOBUE.

June 4, 1928.

John J. Jackson and Joseph M. Blache, Jr., both of Hammond, for appellant.

Percy Saint, Atty. Gen., A. L. Ponder, Jr., Dist. Atty., of Amite, and E. R. Schowalter, Asst. Atty. Gen., for the State.

ROGERS, J. The defendant, Kelly Lobue, was charged by affidavit filed in the city court of Hammond with the sale of intoxicating liquor for beverage purposes in violation of the state prohibition law. Act No. 39 of Ex. Sess. 1921. When arraigned, and before pleading to the charge contained in the affidavit, defendant excepted to the jurisdiction of the court on two grounds, viz.: (1) That no warrant was issued for his arrest, or if it was issued, it was not in possession of the officer making the arrest, or, if the warrant was in his possession, it was not exhibited to defendant, nor was he apprised of the fact by the officer; and (2) that the affidavit on which defendant was arrested did not contain at that time the jurat of the officer charged by law with affixing the jurat, and that it was not affixed until the morning he was called for arraignment.

Defendant's exception was overruled, and, after a trial on the merits, he was convicted of the offense charged. From the judgment of conviction and the sentence, imposed in pursuance thereof, defendant prosecutes this appeal.

There is no bill of exception in the transcript. Defendant, however, has assigned in this court as errors patent on the face of the record that the court below erred (1) in overruling his exception to its jurisdiction; and (2) in finding him guilty of the offense charged and sentencing him thereon.

A copy of the affidavit on which the defendant is prosecuted appears in the transcript. It is regular in form, and is signed by the affiant as well as by the judge who tried the case. Defendant contends, however, that the evidence, a copy of which is contained in the transcript, shows that the oath of the affiant was made subsequent to his

arrest and the date shown in the jurat. But this evidence is not a part of the record (State v. McCrocklin, 130 La. 106, 57 So. 645), and we are therefore not permitted to examine it in order to determine whether defendant's charge of error is well founded. An assignment of errors which does not assign any error of law appearing on the face of the record, but specifies only errors of fact, does not fulfill the requirements of the law.

For the reasons assigned, the conviction and sentence appealed from are affirmed.