148 So. 54

**STATE v. LEON.**

No. 32304.

May 1, 1933.

William C. Boone, of Shreveport, for appellant.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., and James U. Galloway, Dist. Atty., and Nash Johnson, Asst. Dist. Atty., both of Shreveport (James O'Niell, Sp. Asst. to Atty. Gen., of counsel), for the State.

LAND, Justice.

Defendant has appealed from a conviction and sentence for the crime of assault with

intent to rape. He complains of the following alleged errors in the rulings of the lower court:

(a) Refusal of trial judge to appoint a commission, under Act No. 136 of 1932, to examine into defendant's mental condition, under his pleas of present insanity and insanity at the time of the commission of the offense.

(b) Refusal of trial judge to grant defendant a continuance.

(c) Refusal of trial judge to sustain motion in arrest of judgment based upon alleged substantial defects patent upon the face of the record.

(d) Refusal of trial judge to grant motion for new trial.

■ 1. The transcript discloses the fact that defendant failed to present for signature formal bills of exceptions to the judge a quo, upon his refusal to appoint a commission to examine into the mental condition of defendant, and upon his refusal to grant a continuance. The transcript shows a mere notation of objections and reservation of bills in both instances. This is not sufficient to present to our consideration on appeal the errors alleged in the rulings of the trial judge.

It is expressly provided in article 499 of the Code of Criminal Procedure that: "On the trial of all criminal cases, whenever a bill of exceptions shall be reserved to the ruling on any objection, the court shall at the time and without delay order the clerk or the stenographer to take down the facts upon which the objection and the ruling are based, together with the objection, the ruling and the reasons of the ruling, which state-

ment, objection, ruling and reasons, so taken down, shall be preserved among the records of the trial, and shall, when signed, by the judge, constitute the bill of exceptions; provided that whenever a bill has been reserved the judge may be coerced by mandamus to sign the same."

2. The motion in arrest of judgment is predicated in part upon the refusal of the trial judge to appoint experts to examine into the mental condition of defendant. Counsel for defense also alleges in this motion that the verdict rendered by the jury of "guilty as charged" is not responsive to the plea of insanity, and that the only verdict that should have been rendered herein was either "plea sustained" or else "plea not sustained," under article 419 of the Code of Criminal Procedure.

■ Defendant's witnesses testified on the trial as to insanity and, necessarily, the verdict of "guilty as charged" shows that defendant's plea of insanity was not sustained. The verdict returned by the jury is, without doubt, responsive to the charge against the defendant of "assault with intent to rape."

"A motion in arrest of judgment lies only for a substantial defect, patent upon the face of the record." Code Cr. Proc. art. 517.

■ The record includes the caption in a criminal case, a statement of time and place of holding the court, the indictment or information with the arraignment, the plea of the accused, mention of the impaneling of the jury, verdict, and judgment of court. State v. McCrocklin, 130 La. 106, 57 So. 645; United States v. Taylor, 147 U. S. 695, 13 S. Ct. 479, 37 L. Ed. 335.

The record is before the court in the required form and discloses no substantial defect upon its face.

3. The motion for new trial is a résumé of the alleged errors already disposed of in this opinion, and contains the additional ground that the verdict is contrary to the law and the evidence. The latter ground of the motion presents nothing for review by this court.

Defendant also complains in this motion that the trial judge erred in allowing the state to rebut the inference of intercourse of the victim of the assault with defendant, by offering the testimony of several witnesses regarding a confession of defendant along that line. In the absence of formal bill reserved to the ruling of the court, the objection comes too late when urged for the first time in a motion for a new trial.

The conviction and sentence are affirmed.