LAND, Justice.
 

 Defendant was found guilty of the crime of shooting with intent to kill and was sentenced to the State Penitentiary for a term of not less than 16 months nor more than 24 months.
 

 An appeal was granted to this court, but it does not appear from the record that defendant applied for a new trial in the lower court before the appeal was taken.
 

 It is provided in article 559 of the Code of Criminal Procedure that: “No new trial can be granted on appeal unless a motion for same has been made and refused in the lower court. * * * ”
 

 In State v. Stinson, 174 La. 510, 141 So. 44, this court enforced the above provision and dismissed defendant’s appeal, saying: “The record contains nine bills of exception, but they are of no value to defendant, even if they possessed merit, which they do not, for the reason that defendant has not placed himself in position to obtain relief by filing and pressing a motion for a new trial in the district court”
 

 A strenuous effort has been made in this case by defendant to evade the plain and unmistakable provision of the Code of Criminal Procedure that “no new trial can be granted on appeal unless a motion for same has been made and refused in the lower court,” and also to overrule, practically, the decision in State v. Stinson, 174 La. 510, 141 So. 44, by contending that the motion in arrest of judgment, made by defendant, takes the place of a motion for a new trial.
 

 Two of the grounds of the motion for arrest are that the trial judge erred in overruling bill of exception No. 1, a motion to quash the indictment, and in overruling bill of exception No. 2, in which it is complained that the trial judge charged the jury orally as to a part of the charge after he had been requested to give written instructions to the jury. In addition to these grounds, defendant complains that she was not asked whether she elected to be tried by the court without a jury at the time of arraignment, and defendant also urges as error that neither the minutes of the court nor the indorsement on the bill of indictment affirmatively shows the offense with which the defendant was charged.
 

 “A motion in arrest of judgment' lies only f-or a substantial defect, patent upon the face of the record.” Article 517, Code Or. Proc.
 

 
 *95
 
 “No defect that is merely formal, or cured by verdict, or that can not be ascertained without an examination of the evidence, is good ground for arresting judgment.” Article 518, Code Or. Proc.
 

 The “record” in a criminal case includes a statement of the time and place of holding court, the indictment and indorsement thereon, the arraignment and plea of accused, the impaneling of the jury, and the judgment; and a motion in arrest will be sustained only when it fs patent on the face of the record that there has been some irregularity in relation to one of the above-enumerated steps of the proceeding. State v. McCrocklin, 130 La. 106, 57 So. 645.
 

 An alleged defect in an indictment cannot be reviewed on appeal if not urged in a motion for new trial. Such ground must be presented by means of a motion to quash or a motion in arrest. State v. Dreifus, 38 La. Ann. 884; State ex rel. Otis v. Mouton, 42 La. Ann. 1162, 8 So. 631; State v. Harris, 107 La. 327, 31 So. 782; State v. Moore, 111 La. 1007, 36 So. 100; State v. Taylor, 37 La. Ann. 40.
 

 Nor can it be urged in a motion in arrest of judgment that the trial judge delivered a part of his charge orally, after being requested to submit the charge in writing, as the “record” does not disclose such a defect.
 

 “Defendant cannot urge in arrest objections to the manner of drawing, summoning, impaneling or organizing either the grand or petit jury, or to the competency or qualifications of a jury commissioner or of grand, petit or tales jurors, or to the composition of the grand or petit jury. The remedy is by challenge to the array before trial, or to the petit or tales juror when tendered to be sworn; and this is true, though defendant allege the unconstitutionality or repeal of the law for the drawing of juries. From the foregoing rules it follows that, upon a motion in arrest, cannot be considered an alleged variance between the averments of the indictment and the testimony adduced on the trial ;■ or. evidence that the act charged does not come within a criminal statute, or that the court that tried the case in which the perjury was charged to have been committed was without jurisdiction, or that the prosecution in which the perjury was charged to have been committed was a prosecution for something that was not a crime; or that the prosecution did not make the necessary proof; or error in the admission of evidence; or that the property stolen was not offered ■ in evidence, or proved to be of any specific value; that the name of defendant is William Volsant, not Joseph Yalsin; or that accused was indicted for the murder of ‘Lou Rhodes’ and was convicted of the murder of ‘Lun Rhodes’; that accused was manacled while his motion for a new trial was being tried; that there was error in refusing a new trial applied for on the ground that the verdict was contrary to the law and the evidence; or the plea of autrefois convict or acquit; or that defendant was not served with a correct jury list or with a correct copy of the indictment; or the disqualification of the District Attorney pro tern.; or of the attorney appointed by the court to defend accused; or the improper denial of the assistance of counsel; that, though the record recites an allotment of the case, there was, in fact, none; that the
 
 *97
 
 jury were guilty "of misconduct, partiality and prejudice; that the judge illegally excused jurors; that accused had not been indicted at a regular jury term, the terms not having been changed in any manner permitted by statute; or that the oath was administered to the witnesses by an incompetent person; nor can an order fixing the.terms of court, issued under the judge’s legal authority, be thus attacked.” Marr’s Criminal Jurisprudence, vol. II, pp. 1146, 1147.
 

 We have recited above the numerous errors committed in the trial of criminal cases that cannot be reached by a motion in arrest of judgment, in order to show the limited scope of such a pleading, by its restriction solely to substantial defects patent upon the face of the record.
 

 On the other hand, a new trial is based upon errors arising in the course of the prosecution, which, to avail as grounds for a new trial, must have been, at the time of their occurrence, excepted to and embodied in bills of exception.
 

 The usual grounds for a new trial are that the verdict is contrary to the law and the evidence, or that material evidence has been newly discovered since the trial.
 

 Besides these usual grounds, there are numerous other grounds upon which a new. trial is prayed for, such as: That a severance, a change of venue, or a continuance ivas improperly refused; that the venire of jurors wasi illegally drawn; that the judge did not accompany the jury when the scene of the crime was viewed, or that the jury, while visiting the scene of the crime, were a part of the time out of the presence of the accused; that an important witness was absent; that there was error in the jury list or in the copy of indictment served; that a grand or petit jury was disqualified, or petit jurors illegally excused, or incompetent by reason of prejudice ; that evidence was illegally admitted or rejected; that no foundation was laid for the introduction of certain evidence; that defendant was surprised by the evidence; that the argument or conduct of the district attorney was illegal; that the witnesses and jurors were sworn by an officer without authority to administer an oath; that the defenses of mover and of his codefendant were antagonistic; that the judge commented on the facts of the case, or made an objectionable remark in the presence of the jury, etc.
 

 It is clear, therefore, that the grounds, urged for a new trial are dissimilar to the grounds urged in a motion in arrest of judgment, and for this reason, alone, a motion in arrest cannot be assimilated to a motion for a new trial, or be adopted as a substitute therefor.
 

 Besides, in a motion for a new trial, a defendant prays that he be tried anew on the same indictment, while the defendant in this case prays that she be discharged from custody entirely.
 

 One of the purposes of thei Code of Criminal Procedure is to establish orderly pleadings in criminal cases. If this court should go so far afield in this case as to convert a motion in arrest of judgment into a motion for a new trial, and review the case on appeal, the inevitable result would be to throw criminal pleadings in this state into such a condition of confusion and chaos that both the
 
 *99
 
 bench and the bar would be at the end of their wits in the trial of criminal cases.
 

 The plain purpose of our Code of Criminal Procedure, in requiring that a defendant shall apply for a new trial, or else forfeit his right to be heard on appeal, is not only that the defendant, as well as the state, shall be fairly dealt with, but that the defendant shall exhaust all of his legal remedies in the court below, in order to correct errors, avoid delays, and prevent miscarriages of public justice.
 

 The appeal in this case is dismissed.
 

 O’NIELL, O. J., dissents and hands down reasons.
 

 OVERTON, J., concurs in dissenting opinion of O’NIELL, O. J.