14 So.2d 17

**STATE v. LeBLEU.**

No. 37028.

April 12, 1943.

Rehearing Denied May 17, 1943.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Sp. Asst. Atty. Gen., and Griffin T. Hawkins, Dist. Atty., Preston L. Savoy, Asst. Dist. Atty., and Alan H. McLane, Asst. Dist. Atty., all of Lake Charles, for State, plaintiff and appellant.

Morris R. Stewart, of Lake Charles, for defendant and appellee.

HAMITER, Justice.

Defendant was indicted on October 6, 1942, for the crime of cattle stealing allegedly occurring on or about June 14, 1939. The indictment declared that "knowledge of the commission of the above offense was not brought to the attention of any officer charged with the prosecution of same until April 22, 1942."

Based on written allegations that the district attorney of the judicial district in which he resided, as well as one of the judges thereof, had knowledge of the alleged offense for more than one year prior to the date of the indictment, defendant specially pleaded the prescription of one year in bar of the charge.

The plea of prescription was tried in limine. After hearing evidence the court sustained it, thereby effecting a dismissal of the prosecution. Whereupon the district attorney requested and was granted this appeal.

Our attention is directed by defense counsel to the fact that the record contains no bill of exceptions, with the adduced evidence annexed thereto, reserved by the district attorney to the ruling of the court; and he argues that in the absence of such a bill the appeal presents nothing for our consideration. The state does not answer this argument in its brief.

It is well established in the jurisprudence of this state that evidence can be brought before this court in a criminal case only by incorporating it in a bill of exceptions. It cannot be considered, even though in the transcript, unless it 'is annexed to and made a part of the bill that has been timely reserved. State v. White, 37 La. Ann. 172; State v. Richard, 42 La.Ann. 83, 6 So. 897; State v. Johnson et al., 104 La. 417, 29 So. 24, 81 Am.St.Rep. 139; State v. James, 106 La. 462, 31 So. 44; State v. Carr, 111 La. 716, 35 So. 839; State v. Simmons, 118 La. 22, 42 So. 582; State v. Aenspacker, 130 La. 717, 58 So. 520; State v. Stewart, 188 La. 546, 177 So. 662. In the absence of a bill of exceptions, the judgment of the lower court will not be reversed except when there is error patent on the face of the record. State v. McCrocklin, 130 La. 106, 57 So. 645; State v. Braxton, 157 La. 733, 103 So. 24.

Each of the above-cited authorities announcing the mentioned doctrine, it is true, involves an appeal brought by the accused after conviction. But we know of no good reason why the stated requirements should not be equally applicable to the state when appealing. The rule merely states the manner by which an appellant, in order to obtain a review of an adverse conclusion drawn from facts, shall present the per-

tinent evidence to the appellate court; and the matter of whether or not the complainant is the accused or the state, it seems to us, should be and is of no moment.

In our study of the jurisprudence we found many cases in which the state had appealed from a decree sustaining a motion to quash the indictment. In each of those, however, the contended error, when it existed, was apparent on the face of the record; and in view of that circumstance no bill of exceptions was reserved or was necessary. But none has come to our attention, similar to the one before us, where the state's appeal was from an adverse ruling predicated on a consideration of evidence; perhaps situations of this kind have rarely occurred.

Interesting and persuasive, but not conclusive here because it appears to be obiter dictum, is the hereafter emphasized language found in State v. Hincy, 130 La. 620, 58 So. 411. In that case the district court sustained a motion to quash the bill of information because of error apparent on the face of the document, and the state appealed. Defendant, in this court, then urged that as the state failed to take a bill of exceptions to the judge's ruling on the motion to quash, the decision must be affirmed. Answering this contention, we said:

"We can only say that, in our opinion, the objection of defendant is not sustained by the rules of practice. These rules authorize the court to review errors apparent on the face of the record.

"While it is true that a bill of exceptions is necessary, in order to bring up evidence needful to a decision of the point raised, it is otherwise if the issue-is one of law exclusively." (Italics ours.)

The bill of exceptions, as said in the Criminal Code of Procedure, Article 498, "is grounded on the objection made to the ruling of the court on some purely incidental question arising during the progress of the cause; and involves the correctness of the conclusions drawn by the court from the facts recited in the bill." (Italics ours.)

It is true that a judgment sustaining a plea of prescription is final in the sense that it terminates the prosecution; and from it the state may appeal. But the plea of prescription is nonetheless purely an "incidental question arising during the progress of the cause." Obviously it must be so termed if and when a ruling thereon is adverse to the accused; and certainly it is not to be removed from that category merely by its being sustained to the state's detriment. Moreover, as indicated by the above-quoted article, it is important in urging an objection to a ruling on the incidental question that there be shown in a bill of exceptions the facts from which the court's conclusions were drawn.

In order for us to review the ruling of the trial judge in the instant case it would be necessary to give consideration to the evidence taken on the trial of the plea of prescription. That evidence is in the transcript, but it is not incorporated in

a formal bill of exceptions; and, as above pointed out, it cannot be noticed.

The judgment is affirmed.

ODOM, J., absent.

O'NIELL, Chief Justice (dissenting).

The reason why I believe that the State is not obliged to reserve a bill of exceptions in order to appeal from a ruling maintaining a plea of prescription, is that the ruling puts an end to the prosecution and is therefore a final judgment. Article 498 of the Code of Criminal Procedure, which is quoted in the prevailing opinion in this case, convinces me that the reserving of a bill of exceptions is not appropriate to a final judgment—putting an end to the prosecution. The article declares: "The bill of exceptions is grounded on the objection made to the ruling of the court on some *purely incidental question arising during the progress of the cause;* and involves the correctness of the conclusions drawn by the court from the facts recited in the bill." [The italics are mine.]

If a plea of prescription is maintained by the ruling of the trial judge, the question of correctness of the ruling is not a purely incidental question arising during the progress of the cause, because the ruling marks the end of the prosecution unless it is reversed on appeal. If a plea of prescription is overruled by the trial judge his ruling is only an interlocutory judgment, from which the defendant cannot appeal. His only recourse is to record his objection by reserving a bill of exceptions, in order to present the question to the appellate court if the final judgment or verdict goes against him. The procedure in that respect is similar to the procedure in a civil case. If a preliminary plea or exception—such as a plea of prescription— is heard and maintained before the case is heard on its merits, the ruling or judgment on the plea or exception puts an end to the suit in the court of original jurisdiction, and is therefore a final judgment, from which the plaintiff may appeal; but if the plea or exception is overruled, the ruling is only an interlocutory judgment, from which the defendant has no right to appeal,—his only recourse being to preface his subsequent pleadings with a protestation, in order to avoid the possibility of seeming to waive the plea or exception, and in order to urge it again on appeal if a final judgment goes against him.

I do not believe that it makes any difference—with regard to the right of the State to appeal without reserving a bill of exceptions—whether the ruling maintaining a special plea and putting an end to the prosecution is founded upon facts shown on the face of the record, or is founded upon testimony taken on the hearing of the special plea. On that subject article 500 of the Code of Criminal Procedure declares: "The bill of exceptions must show the circumstances under which and the evidence upon which the ruling complained of is based; and *the accused* is without right to have taken down any evidence except that which is necessary as a basis for *his* bill; *he* can not require that any evidence be taken down that appertains to guilt or innocence." [The italics are mine.]

I have italicized "the accused" and "his" and "he" because of the strong implication that the lawwriter, in these articles on the subject of bills of exceptions, did not contemplate that the State would have to reserve bills of exceptions.

I concede of course that when the State appeals from a ruling which is based upon the hearing of evidence the record must contain "the evidence upon which the ruling complained of is based",—just as a bill of exceptions reserved by a defendant "must show the circumstances under which and the evidence upon which the ruling complained of is based". But I do not consider it necessary that the State should reserve a bill of exceptions to a final judgment or ruling dismissing the prosecution, for the purpose merely of incorporating in the bill of exceptions "the evidence upon which the ruling complained of is based". It is sufficient if the evidence has been heard in open court on the trial of the special plea and forms a part of the record or transcript of appeal,—as in this case.