PONDER, Justice.
 

 The defendant, Mrs. Audelle Bateman, was charged in the Juvenile Court for the Parish of Washington with the intentional neglect of her six minor children under the provisions of Article 93 of the Louisiana Criminal Code. Upon trial, she was convieted and sentenced to serve sixty days in the parish jail. She has appealed.
 

 We find no bills of exception in the record. The defendant moved for a new trial in the lower court but did not reserve any bill of exception when the lower court overruled the motion.
 

 Counsel for the defendant contends that the State has failed to prove the essential elements of the crime charged or the commission of any crime or misdemeanor, and that this Court has jurisdiction to review the entire record including the notes of testimony taken on the trial and placed in the transcript. Cou'nsel takes the position that there was a total lack of evidence to prove the commission of the crime which presents a question of law for this Court to review.
 

 Under the provisions of' Article VII, sec. 54. of the Constitution, as amend
 
 *1039
 
 ed by Act 309, sec. 1, of 1944, we would not be warranted in inquiring into the facts of this case. This section reads as follows: “Appeals from said courts, other than the parish of Orleans, shall be allowed on matters of law and fact where the judgment of the court affects the custody, care and control of minor children, and shall be allowed on matters of law only in all other cases, which appeals shall be to the Supreme Court. Provided that where any party in interest desires to appeal from said court on a question of fact, that upon his requ'est the court shall order the evidence taken and transcribed, at the expense of said party, which evidence shall be included in the transcript of appeal.”
 

 From a mere reading of the above provision of the Constitution, it is apparent, that the appeal in this case must be restricted to matters of law.
 

 The fact that the testimony was taken down and incorporated in the transcript does not warrant our reviewing it and deciding whether it is sufficient in point of fact to sustain the conviction. State v. McCain, 168 La. 87, 121 So. 583.
 

 Counsel is under the impression that the notes of testimony incorporated in the transcript form a part of the record of this case and that a review of the testimony will reveal that there is no evidence to prove the crime. Counsel contends that this is an error patent on the face of the record.
 

 The notes of testimony in this case do not form a part of the record. Article 503 of the Code of Criminal Procedure defines error patent on the face of the record. “An error is patent on the face of the record when it is discoverable by the mere inspection of the pleadings and proceedings and without any inspection of the evidence, though such evidence be in the record.” Article 503, Code of Criminal Procedure.
 

 What constitutes a record in a case has been defined in the jurisprudence as follows: “We are lead to inquire whether there is error patent on the face of the record. This leads us to the, inquiry, What is the record? A definition answers the question. It includes the caption in a criminal case, a statement of time and place of holding the court, the indictment or information with the indorsement, the arraignment, the plea of the accused, mention of the impaneling of the jury, verdict, and judgment of the court. United States v. Taylor, 147 U.S. 695, 13 S.Ct. 479, 37 L.Ed. 335.” State v. McCrocklin, 130 La. 106, 57 So. 645, 646; State v. Keife, 165 La. 47, 115 So. 363; State v. Leon, 177 La. 293, 148 So. 54; State v. Eubanks, 179 La. 92, 153 So. 31; State v. Daleo, 179 La. 516, 154 So. 437.
 

 Under the above authorities, we are not presented in this case with an error patent on the face of the record; However, it would afford the defendant no re
 
 *1041
 
 lief if we had authority to inspect the notes of testimony for the reason that only a question of the sufficiency of the evidence would he presented and not a case where there is no evidence to prove the crime charged.
 

 For the reasons assigned, the conviction and sentence are affirmed.
 

 O’NIELL, C. J., does not take part.