65 So.2d 898

## STATE v. KOPF.

No. 41205.

June 1, 1953.

Irwin Kopf, in pro. per.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Severn T. Darden, Dist. Atty., and Phil Trice, Asst. Dist. Atty., New Orleans, for appellee.

LE BLANC, Justice.

On February 14, 1952, the defendant was charged by a bill of information on two counts for violation of LSA–R.S. 40:962. In the first count he was charged with wilfully and unlawfully having in his possession a hypodermic needle and a syringe and in the second, with unlawful possession of a narcotic drug, to-wit: ".012 grain of heroin".

He was arraigned on February 25, 1952 and pleaded not guilty but on March 27, 1952, with consent of the Court, he withdrew his plea of not guilty and pleaded in lieu thereof "guilty of attempted possession of narcotics on second count". Thereupon a noll pross was entered on the first count.

Later on, that is on April 8, 1952, again with the consent of Court, defendant withdrew his plea of guilty of attempted possession on the second count and his case was fixed for trial. During these proceedings, and at his trial which was had before a jury on April 24, 1952, defendant was represented by counsel from the Legal Aid Bureau. He was found guilty as charged by the jury and on May 5, 1952 counsel representing him withdrew from the case.

The matter was then continued from time to time awaiting the appointment of counsel by the Court. On May 20, 1952, the Court appointed counsel to represent him and on November 10, 1952, a motion for a new trial was filed on his behalf. This motion, as well as a motion in arrest of judgment were argued and submitted to the Court and were both denied. The minutes of Court show that a bill of exception was reserved to the Court's ruling on the motion for a new trial. Sentence was deferred and on November 24, 1952, the District Attorney filed a multiple bill of in-

formation against defendant under LSA–R.S. 15:529.1 charging him with being a quadruple offender. He was arraigned the same day and pleaded not guilty. Still represented by the same counsel who had been appointed by the Court, he was tried before the judge on January 6, 1953, and found guilty as charged. He waived all delays and was sentenced on the same day to imprisonment at hard labor in the State penitentiary for the balance of his natural life. On January 14, 1953, he was granted a suspensive appeal to this Court which is the matter presently before us. He is not represented here by counsel. He personally has filed a written document with the Clerk in which he seems to complain about the admission of certain testimony and also about the way in which the attorneys representing him had handled his case, to none of which did he make any objection so far as the record discloses.

Besides the bill of exception which was reserved to the ruling of the Court on the motion for a new trial, the minutes of Court show that another bill was reserved to the Court's overruling of defendant's objection to a certain witness having been allowed to testify as an expert. Both bills were noted by the stenographer but that is all that appears to have been done with regard to either. The record contains no bills of exception and apparently the two that were noted were never perfected.

In a case such as this where no bills of exception are filed or perfected, unless an

error appears that is patent on the face of the record, nothing is presented for review. See State v. Lorello, 222 La. 268, 62 So.2d 402, recently decided. A careful study and consideration of the record discloses no such error.

For the reasons stated the conviction and sentence are hereby affirmed.