HAMITER, Justice.
In a bill of information the defendant, Alex L. Pitcher, Jr., an attorney at law practicing in the City of Baton Rouge, was charged with having violated “ * * * Louisiana Revised Statutes 14:71 in that he issued, with intent to defraud, worthless checks in the total amount of One Thousand Six Hundred Thirty-three and 55/100 ($1,633.55) Dollars, upon Louisiana National Bank in exchange for something of value, to-wit: cash; knowing at the time of issuing the checks that he had not sufficient credit with said bank for the payment in full of such checks upon their presentation, * * He was convicted and was sentenced to serve a term of three years at hard labor in the Louisiana State Penitentiary. From the conviction and sentence he prosecutes this appeal.
Relying principally on our decision in State v. McLean, 216 La. 670, 44 So.2d 698, the defendant argues here, as he did on an overruled motion for a new trial, that the evidence taken during the course of the proceedings clearly establishes that “ * * * tjje receipj; 0f the thing of value was not given in reliance on the issuance of the worthless checks, nor did the issuance of the worthless checks serve as an inducement for the receipt of the thing of value. Therefore, the element of intent is not present when the’issuance is subsequent to the receipt of the thing of value.”
 We find, however, that no bills of exceptions were perfected by defendant. In fact, the court minutes respecting the sentencing of the accused and his taking this appeal recite as follows: “Upon inquiry by the court as to any bills of exceptions, counsel for the accused announced that he did not intend to file any bills of *697 exceptions and the filing of such bills of exceptions was waived.” Hence, under the well established jurisprudence of this court the evidence adduced is not before us for consideration; we can review only errors that may be patent on the face of the record. State v. LeBleu, 203 La. 337, 14 So. 2d 17; State v. Bateman, 209 La. 1036, 26 So.2d 130; State v. Honeycutt, 218 La. 362, 49 So.2d 610; State v. Lorello, 222 La. .268, 62 So.2d 402; State v. Kopf, 223 La. 421, 65 So.2d 898; State v. Gaines, 223 La. 711, 66 So.2d 618; State v. Bellam, 225 La. 445, 73 So.2d 311 and State v. Scott, 227 La. 198, 78 So.2d 832. And, incidentally, the record “ * * * includes the caption in a criminal case, a statement of time and place of holding the court, the indictment or information with the indorsement, the arraignment, the plea of the accused, mention of the impaneling of the jury, verdict, and judgment of the court. * * ” State v. Daleo, 179 La. 516, 154 So. 437, 440 -and State v. Bateman, supra.
Counsel for defendant cite and rely on State v. Houck, 199 La. 478, 6 So.2d 553. There it was held that even in the absence of a formally perfected bill of exceptions we could and should consider evidence presented on a motion for a new trial. But the ruling is not applicable (even if in harmony with our settled jurisprudence), for here we are asked to consider evidence on which the conviction was based — not evidence adduced on a hearing of a motion for a new trial. Indeed, it is noted that, according to the minutes, the defendant did not even object to the court’s overruling of the motion for a new trial (and, of course, he reserved no bill of exceptions to the ruling).
State v. Gordon, 214 La. 822, 38 So.2d 794, 795, also cited by defense counsel, is likewise inapplicable since the error complained of therein was one patent on the face of the record. In this connection we •pointed out that no questions were raised requiring “that the record in the case be supplemented by evidence or other data,”
Additionally, the defendant, still relying on State v. McLean, supra, urges that statements in his brief filed in the district court in support of the motion for a new trial will show that the giving of the worthless checks and the receiving of the thing of value did not concur in point of time. However, from the foregoing discussion it is plain that the brief forms no part of the record. Besides, under no circumstances could we consider the assertions in such brief as a substitute for evidence.
Since herein there appears no error patent on the face of the record and we are without authority to examine the evidence (because of the absence of appropriate perfected bills of exceptions) the decision of the district court cannot be disturbed.
For the reasons assigned the conviction and sentence are affirmed.