HAWTHORNE, Justice.
 

 John H. Sanford, charged in a bill of information with the crime of theft denounced by R.S. 14:67, was tried, adjudged guilty, and sentenced to serve a term of six years in the state penitentiary.
 
 [1]
 
 From this conviction and sentence he has appealed.
 

 At the outset we note there are no bills of exception in the record. Under
 
 *633
 
 R.S. 15:502, “No error, not patent on the face of the record, 'can be availed of after verdict, unless objection shall have been made at the time, of the happening of such: error and unless at the time of the ruling on the objection a bill of exceptions shall have been reserved to such adverse ruling”. In the absence of a bill of exception, therefore, the judgment of the lower court will not be reversed on appeal unless there is error patent on the face of the record. State v. Jones, 213 La. 78, 34 So.2d 381; State v. Honeycutt, 218 La. 362, 49 So.2d 610; State v. Kopf, 223 La. 421, 65 So.2d 898; State v. Bennett, 235 La. 987, 106 So. 2d 443; State v. Robinson, 244 La. 199, 151 So.2d 37.
 

 R.S. 15:503 provides: “An error is patent on the face of the record when it is discoverable by the mere inspection of the pleadings and proceedings and without any inspection of the evidence,
 
 though such evidence be in the record.”
 
 (Italics ours.) This court on many occasions has defined what constitutes the record in a criminal case for the purpose of considering whether there is error patent on the face of the record. According to this jurisprudence the record includes the caption in the case, a statement of time and place of holding the court, the indictment or information with the endorsement, the arraignment, the plea of the accused, mention of the impaneling of the jury, verdict, and judgment of the court. State v. Pitcher, 236 La. 1, 106 So. 2d 695; State v. Bateman, 209 La. 1036, 26 So.2d 130, and the following authorities there cited: United States v. Taylor, 147 U.S. 695, 13 S.Ct. 479, 37 L.Ed. 335; State v. McCrocklin, 130 La. 106, 57 So. 645; State v. Leon, 177 La. 293, 148 So. 54; State v. Eubanks, 179 La. 92, 153 So. 31; State v. Daleo, 179 La. 516, 154 So. 437.
 

 It is well settled in our jurisprudence that testimony not attached to or made a part of a bill of exception cannot be considered by this court even though the testimony is included in the transcript. State v. Wilson, 247 La. 405, 171 So.2d 664, and authorities there cited: State v. LeBleu, 203 La. 337, 14 So.2d 17; State v. Honeycutt, 218 La. 362, 49 So.2d 610; State v. Bellam, 225 La. 445, 73 So.2d 311; State v. Pitcher, 236 La. 1, 106 So.2d 695.
 

 Since there are no bills of exception in the instant case and our examination of the record fails to disclose any error patent on its face, the conviction and sentence will be affirmed.
 

 On this appeal defendant is represented by competent and Well qualified counsel, who contends both in brief and in argument that the defendant here has been denied certain constitutional rights and for this reason is entitled to a new trial. He argues that although the Sixth Amendment to the federal Constitution provides that in all criminal prosecutions the accused shall enjoy the right to have assistance of counsel, the ac
 
 *635
 
 cused also has the constitutional right to dismiss a court-appointed counsel and defend himself if he intelligently chooses to S0-
 

 The record on this appeal, as the term “record” is understood in R.S. 15:502, 15:503 and the jurisprudence of this court, does not disclose that the accused in the instant case sought to dismiss his court-appointed counsel and represent himself. If we can consider the minutes of the lower court in the instant case as setting forth the proceedings and as a part of the record, they show only that the accused made an oral statement to the court that he was dissatisfied with court-appointed counsel. The minutes do not disclose the reason for this' dissatisfaction or any request that the judge appoint another counsel or allow the accused to represent himself. The statement in the minutes that the accused is dissatisfied with court-appointed counsel without elaboration is not sufficient to raise any constitutional question.
 
 [2]
 

 In criminal cases constitutional questions, like all other questions of law, can he considered by this court only when properly brought before us, and if counsel relies on testimony to show the alleged violation of the accused’s constitutional rights, this testimony can be considered only when it is attached to and made a part of a bill of exception. State v. Wilson, 247 La. 405, 171 So.2d 664, and authorities there cited,
 

 por reasons assigned the conviction and sentence are affirmed.
 

 [1]
 

 . This sentence was to ruta, concurrently with the sentence imposed in another case.
 

 [2]
 

 . Appellant in brief points out that be has an application for habeas corpus pending in this court in which he raises the same constitutional questions urged on this appeal. That application will be given due consideration by this court.