STATE OF LOUISIANA

VERSUS

ADAM LITTLETON

NO. 18-KA-354

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON REMAND FROM THE LOUISIANA SUPREME COURT
ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 16-2908, DIVISION "P"
HONORABLE LEE V. FAULKNER, JR., JUDGE PRESIDING

October 28, 2020

**FREDERICKA HOMBERG WICKER**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and John J. Molaison, Jr.

**CONVICTION AND SENTENCE VACATED; REMANDED FOR NEW**
**TRIAL**
 **FHW**
 **MEJ**
 **JJM**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
     Honorable Paul D. Connick, Jr.
     Terry M. Boudreaux
     Andrea F. Long
     Kellie M. Rish
     Megan L. Gorman

COUNSEL FOR DEFENDANT/APPELLANT,
ADAM LITTLETON
     Paul J. Barker
     Kristen Legendre

**WICKER, J.**

This matter comes before the court on remand from the Louisiana Supreme Court pursuant to the United States Supreme Court's recent decision in *Ramos v. Louisiana*, 590 U.S. --, 140 S.Ct.1390, 206 L.Ed.2d 583 (2020)(holding that jury verdicts in state felony trials must be unanimous). For the reasons that follow, we vacate defendant, Adam Littleton's conviction and remand for further proceedings.

**FACTS[1]**

On May 12, 2016, a Jefferson Parish Grand Jury returned an indictment charging defendant, Adam Littleton, with second degree murder in violation of La. R.S. 14:30.1. On July 28, 2017, a twelve-person jury returned a verdict of guilty as charged by a vote of ten of twelve jurors. On November 9, 2017, defendant was sentenced to life imprisonment without benefit of probation, parole, or suspension of sentence. On December 4, 2019, this Court affirmed defendant's conviction and sentence on appeal. *See State v. Littleton*, 18-354 (La. App. 5 Cir. 12/4/19), 285 So.3d 1181. On December 18, 2019, defendant filed an Application for Rehearing, which this Court denied on January 2, 2020. On February 19, 2020, defendant filed a writ application with the Louisiana Supreme Court. The State filed an opposition on March 5, 2020. On July 24, 2020, the Louisiana Supreme Court denied defendant's writ application. *See State v. Littleton*, 20-303 (La. 7/24/20), 299 So.3d 74 (Mem). On September 29, 2020, the Louisiana Supreme Court granted defendant's application for reconsideration, stating:

> Reconsideration granted. The matter is remanded to the court of appeal for further proceedings and to conduct a new error patent review in light of *Ramos v. Louisiana*, 590 U.S. --, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020). If the non-unanimous jury claim was not preserved for review in the trial court or was abandoned during any stage of the proceedings, the court

---

[1] This Court provided a detailed factual history in our original opinion; we now provide an abridged history of the relevant facts for purposes of this *Ramos* analysis. *See State v. Littleton*, 18-354 (La. App. 5 Cir. 12/4/19), 285 So.3d 1181.

of appeal should nonetheless consider the issue as part of its error patent review. *See* La. C.Cr.P. art. 920(2).

> The present matter was pending on direct review when *Ramos v. Louisiana* was decided, and therefore the holding of *Ramos* applies. *See Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 749 (1987).
>
> *State v. Littleton*, 20-303 (La. 9/29/20), 2020 WL 5793395 (per curiam).

In *Ramos v. Louisiana*, --- U.S. ---, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020), the United States Supreme Court found that the Sixth Amendment right to a jury trial—as incorporated against the states by the Fourteenth Amendment—requires a unanimous verdict to convict a defendant of a serious offense. The Court held,

> Wherever we might look to determine what the term "trial by an impartial jury trial" meant at the time of the Sixth Amendment's adoption—whether it's the common law, state practices in the founding era, or opinions and treatises written soon afterward—the answer is unmistakable. A jury must reach a unanimous verdict in order to convict. *Id.* at 1395.

The Court concluded, "There can be no question either that the Sixth Amendment's unanimity requirement applies to state and federal trials equally…So if the Sixth Amendment's right to a jury trial requires a unanimous verdict to support a conviction in federal court, it requires no less in state court." *Id.* at 1397. Accordingly, Louisiana defendants who have been convicted of serious offenses by non-unanimous juries and whose cases are still pending on direct review are entitled to new trials. *See State v. Kelly*, 19-425 (La. App. 5 Cir. 7/31/20) 299 So.3d 1284; *see also State v. Harrell,* 19-371 (La. App. 5 Cir. 7/8/20), 299 So.3d 1274; *State v. Rivas*, 19-378 (La. App. 5 Cir. 5/21/20), 296 So.3d 1198.

Although defendant did not challenge the non-unanimous jury verdict by assignment of error on appeal, as elucidated and instructed by the Louisiana Supreme Court on its reconsideration of this case in light of the *Ramos* case, this Court must now conduct a new error patent review in light of *Ramos.* Louisiana

courts have repeatedly held that the jury verdict is discoverable in the pleadings and proceedings for purposes of the error patent review. *See Harrell*, 299 So.3d at 1282, 1284 n.14 (citing *State v. Craddock*, 307 So.2d 342 (La. 1975); *State v. Sanford*, 248 La. 630, 181 So.2d 50 (1965); *State v. Anderson*, 07-752 (La. App. 5 Cir. 2/6/08), 979 So.2d 566, 571.

Defendant was charged with second degree murder. Since the punishment for the offense of second degree murder is necessarily confinement at hard labor, a jury of twelve persons was required. *See* La. Const. Art. I, § 17; La. C.Cr.P. art. 782; La. R.S. 14:30.1. Defendant was convicted after a twelve-person jury returned a ten to two verdict of guilty as charged. While non-unanimous verdicts were previously permitted under Louisiana law, defendant's non-unanimous jury verdict, which was pending on direct review at the time the United States Supreme Court handed down *Ramos v. Louisiana,* became unconstitutional in light of that case. Therefore, we find that because the verdict was not unanimous, defendant's conviction for second degree murder and sentence must be vacated and the case remanded for further proceedings.

On appeal defendant raised five assignments of error. Defendant argued that (1) the evidence was insufficient to prove beyond a reasonable doubt that defendant was guilty of second degree murder; (2) the trial court erred by allowing William Hare to testify as an expert witness for the State; (3) the trial court erred by allowing the State to introduce evidence of other bad acts: (4) the trial court erred by denying defendant's motion for a mistrial; and (5) the trial court erred when it denied defendant's motion for new trial. This Court previously considered all of defendant's assignments of error in its December 4, 2019 opinion. Further discussion of these assignments would be superfluous. Moreover, in light of the defendant's right to a new trial under *Ramos*, all assigned errors have been

rendered moot, aside from sufficiency of the evidence,[2] which has already been addressed. *See State v. Littleton*, 18-354 (La. App. 5 Cir. 12/4/19), 285 So.3d 1181.

## DECREE

For the reasons assigned above, defendant's conviction and sentence are vacated, and this case is remanded for a new trial pursuant to *Ramos v. Louisiana*, 590 U.S. --, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020).

**<u>CONVICTION AND SENTENCE VACATED; REMANDED FOR NEW TRIAL</u>**

---

[2] As the Louisiana Supreme Court has explained, "The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under *Hudson v. Louisiana*, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981). Such an acquittal would necessarily prevent any retrial." *Harrell*, 299 So.3d at 1280 n.12. Thus, sufficiency of evidence analysis also precedes consideration of whether a verdict must be vacated and remanded under *Ramos*. *Kelly,* 299 So.3d at 1287.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**OCTOBER 28, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 18-KA-354

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HON. LEE V. FAULKNER, JR. (DISTRICT JUDGE)
ANDREA F. LONG (APPELLEE)          TERRY M. BOUDREAUX (APPELLEE)          THOMAS J. BUTLER (APPELLEE)
PAUL J. BARKER (APPELLANT)

### MAILED

KRISTEN LEGENDRE (APPELLANT)          HONORABLE PAUL D. CONNICK, JR.
ATTORNEY AT LAW                       (APPELLEE)
700 CAMP STREET                       DISTRICT ATTORNEY
SUITE 110                             KELLIE M. RISH (APPELLEE)
NEW ORLEANS, LA 70130                 DISTRICT ATTORNEY
                                      MEGAN L. GORMAN (APPELLEE)
                                      ASSISTANT DISTRICT ATTORNEYS
                                      TWENTY-FOURTH JUDICIAL DISTRICT
                                      200 DERBIGNY STREET
                                      GRETNA, LA 70053