STATE OF LOUISIANA

VERSUS

KYRIENE VALLERY

NO. 20-KA-149

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ST. JAMES, STATE OF LOUISIANA
NO. 69,50, DIVISION "C"
HONORABLE KATHERINE TESS STROMBERG, JUDGE PRESIDING


December 16, 2020


**STEPHEN J. WINDHORST**
**JUDGE**


Panel composed of Judges Jude G. Gravois,
Stephen J. Windhorst, and Hans J. Liljeberg


**CONVICTION AND SENTENCE VACATED; REMANDED**
    **SJW**
    **JGG**
    **HJL**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
     Ricky L. Babin
     Donald D. Candell
     Lindsey D. Manda

COUNSEL FOR DEFENDANT/APPELLANT,
KYRIENE VALLERY
     Mark D. Plaisance
     Marcus J. Plaisance

**WINDHORST, J.**

Defendant, Kyriene Vallery, appeals his conviction and sentence. For the following reasons, we vacate and remand to the trial court for further proceedings.

**PROCEDURAL HISTORY**

On January 27, 2014, a St. James Parish Grand Jury returned an indictment charging defendant, Kyriene Vallery, with the second degree murder of Christian Allen, in violation of La. R.S. 14:30.1. Defendant was arraigned and pled not guilty.

On October 1, 2015, a twelve-person jury found defendant guilty as charged. Defendant filed a motion for new trial, which the trial court granted finding that portions of the trial transcript were missing and/or incomplete. On November 1, 2018, a twelve-person jury found defendant guilty of the responsive verdict of manslaughter. The jury verdict was ten to two. Defendant filed a motion to set aside the jury's verdict, which the trial court denied. Sentencing was deferred and a pre-sentence investigation report was ordered. On May 28, 2019, defendant was sentenced to 40 years at hard labor with the Department of Corrections. Defendant filed a motion to reconsider sentence, which the trial court denied. This appeal followed.

**DISCUSSION**

In his sole assignment of error, defendant contends that he was convicted of manslaughter by an unconstitutional jury verdict and therefore, he is entitled to a new trial pursuant to Ramos v. Louisiana, 590 U.S. —, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020).

Defendant contends that the non-unanimous jury verdict is a structural error. He contends that the failure to object to the non-unanimous verdict does not preclude application of Ramos nor is the verdict subject to harmless error. Defendant further argues that a non-unanimous verdict is subject to error patent review.

The State acknowledges that a unanimous verdict for serious offenses is required under Ramos. However, the State argues that because defendant did not assert a claim regarding a non-unanimous verdict during pre-trial or trial proceedings, a question remains as to whether the issue was properly raised in the trial. Therefore, the State contends that the matter should be remanded to the trial court to determine this issue. The State further asserts that defendant is not entitled to have his conviction and sentence vacated on an error patent review.

Defendant was charged with second degree murder. Since the punishment for this offense is necessarily confinement at hard labor, a jury of twelve persons was required. See La. Const. Art. I, §17; La. C.Cr.P. art. 782; La. R.S. 14:30.1. Non-unanimous verdicts were previously allowed under La. Const. Art. I, §17 and La. C.Cr.P. art. 782, and the circumstances of this case. The constitutionality of the statutes was previously addressed by many courts, all of which rejected the argument. See Apodaca v. Oregon, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972); State v. Bertrand, 08-2215, 08-2311 (La. 03/17/09), 6 So.3d 738, 742-43.

However, recently the United States Supreme Court in Ramos found that the Sixth Amendment right to a jury trial, as incorporated against the States by the Fourteenth Amendment, requires a unanimous verdict to convict a defendant of a serious offense.[1] Id. at 1397.

Moreover, despite the State's argument to the contrary, Louisiana courts have repeatedly held that a jury verdict is discoverable in the pleadings and proceedings for purposes of an errors patent review. State v. Harrel, 19-371 (La. App. 5 Cir. 07/08/20), — So.3d —, citing State v. Craddock, 307 So.2d 342 (La. 1975); State v. Sanford, 248 La. 630, 181 So.2d 50 (1965); State v. Anderson, 07-752 (La. App. 5

---

[1] For purposes of the Sixth Amendment, federal law defines petty offenses as offenses subject to imprisonment of six months or less, and serious offenses as offenses subject to imprisonment over six months. The Sixth Amendment's right to a jury trial only attaches to serious offenses. See generally Lewis v. United States, 518 U.S. 322, 327-28, 116 S.Ct. 2163, 135 L.Ed.2d 590 (1996); Hill v. Louisiana, 2013 WL 486691 (E.D. La. 2013).

Cir. 02/06/08), 979 So.2d 566, 571. Furthermore, the Louisiana Supreme Court recently held that even "if the non-unanimous jury claim was not preserved for review in the trial court or was abandoned during any stage of the proceedings, the court of appeal should nonetheless consider the issue as part of its error patent review." See State v. Gasser, 19-1220 (La. 06/03/20), 296 So.3d 1022 (*per curiam*), State v. Ford, 19-1221 (La. 06/03/20), 296 So.3d 1026 (*per curiam*); State v. Mesa, 19-908 (La. 06/03/20), 296 So.3d 1044 (*per curiam*); State v. Villafranca, 19-2093 (La. 06/03/20), 296 So.3d 1057 (*per curiam*).

Based on Ramos, and that this case is on direct appeal,[2] we find that since the verdict was not unanimous for this serious offense as required by Ramos, defendant's conviction and sentence are vacated and the matter is remanded to the trial court for further proceedings.

Lastly, our review of the record under State v. Raymo, 419 So.2d 858, 861 (La. 1982), reflects that defendant/appellant is not entitled to an acquittal under the standards of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981); and State v. Hearold, 603 So.2d 731, 734 (La. 1992).

**DECREE**

For the reasons stated above, defendant's conviction and sentence are vacated and this matter is remanded to the trial court for further proceedings.

**CONVICTION AND SENTENCE VACATED; REMANDED**

---

[2] See Schriro v. Summerlin, 542 U.S. 348, 351, 124 S.Ct. 2519, 2522, 159 L.Ed.2d 442 (2004), observing that "[w]hen a decision of [the United States Supreme Court] results in a 'new rule,' that rule applies to all criminal cases still pending on direct review," citing Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987) ("a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past.").

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 16, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 20-KA-149

### E-NOTIFIED
23RD JUDICIAL DISTRICT COURT (CLERK)
HON. KATHERINE TESS STROMBERG (DISTRICT JUDGE)
DONALD D. CANDELL (APPELLEE)
GRANT L. WILLIS (APPELLEE)

LINDSEY D. MANDA (APPELLEE)

MARK D. PLAISANCE (APPELLANT)

### MAILED
HONORABLE RICKY L. BABIN
(APPELLEE)
DISTRICT ATTORNEY
23RD JUDICIAL DISTRICT COURT
POST OFFICE BOX 66
CONVENT, LA 70723

HONORABLE JEFFREY M. LANDRY
(APPELLEE)
ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
1885 NORTH 3RD STREET
6TH FLOOR, LIVINGSTON BUILDING
BATON ROUGE, LA 70802

MARCUS J. PLAISANCE (APPELLANT)
ATTORNEY AT LAW
POST OFFICE BOX 1123
PRAIRIEVLLE, LA 70769