# UNITED STATES *v.* TAYLOR.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF TENNESSEE.

No. 795. Submitted January 9, 1893. — Decided March 6, 1893.

Only one fee is allowed for taking the acknowledgment of a defendant and his sureties unless it be made to appear that it was necessary to take them separately.

A clerk may charge for copies of the orders of the court directing the marshal to pay witnesses and jurors, but not for affixing seals to such copies.

No charge can be made for filing orders from the district attorney discharging witnesses from attendance.

A fee may be charged for an affidavit of a witness as to his mileage and attendance; but this affidavit need not be filed.

The rule, settled in *United States* v. *King*, *ante*, 676, that proceedings before a commissioner form no part of the record, applies to affidavits.

Generally anything not necessary to support the validity of the judgment is presumptively no part of the record, however material it may have been in the progress of the case.

The comptroller cannot prescribe the length of capiases or bonds, or limit a clerk to a certain number of folios.

THIS was a petition by the clerk of the Circuit Court of the United States for the Eastern District of Tennessee for fees earned between July 1, 1887, and December 23, 1889, which

had been disallowed in the settlement of the accounts rendered by him to the Treasury Department. The court directed judgment to be entered in his favor for $1066, (45 Fed. Rep. 531,) and the United States appealed.

*Mr. Felix Brannigan* and *Mr. Solicitor General* for appellants.

*Mr. George A. King* for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

The government objected to the allowance by the court below of the following items:

1. For taking acknowledgments in criminal cases of defendants and their sureties to appeal bonds. It appears by the petition that these acknowledgments were taken jointly, and under the case of *United States* v. *Ewing*, 140 U. S. 142, 146, ¶ 2, but one fee can be allowed for taking the acknowledgment of a defendant and his sureties, at least unless it be made to appear that it was necessary to take them separately. See also *United States* v. *Hall*, *ante*, 691.

2. For certificates of the clerk and seals to copies of orders of the court directing the marshal to pay witnesses and jurors. Charges for copies of orders and certificates thereto are allowable, but the charge for seals is disallowed upon the authority of *United States* v. *Van Duzee*, 140 U. S. 169, 174, ¶ 6.

3. Filing orders from the district attorney discharging witnesses from attendance, at ten cents each, $119.80. By Revised Statutes, § 877, "witnesses who are required to attend any term of a Circuit or District Court on the part of the United States, shall be subpœnaed to attend to testify generally on their behalf, and not to depart the court without leave thereof, or of the district attorney." While it is proper that the clerk should be informed officially by the district attorney of the discharge of witnesses, it is difficult to see why the discharge should be filed. It is a piece of information for the clerk upon which he acts in computing the

amount due the witnesses for mileage and attendance, and when this is done the discharge is *functus officio.* It has accomplished all that it was ever required to do, is not needed as a voucher, and no advantage is gained by cumbering the files of the court with it. The magnitude of this incumbrance may be judged by the fact that the clerk charges for filing in less than two and half years 1198 of these discharges, (243 were filed in a single term,) at a useless expense of $119.80. In *United States* v. *King, ante,* 676, the clerk's charges for the payment of a witness aggregated $1.15, not including the affidavit of the witness, or this item for filing the discharge. If these be added, it is made to cost the government $1.40 in clerk's fees to pay off a witness, — a tax out of all proportion to the service rendered, or to the usual amount of the witness's compensation. This practice of multiplying fees for the simple service of paying a witness compensation, which may not exceed the amount of a single day's attendance, should not be permitted, and the item in question will be disallowed.

4. There is an additional claim in items 12 and 16 of $95.85 for affidavits of witnesses as to their mileage and attendance. The clerk is entitled to a fee of ten cents for administering the oath to witnesses respecting their mileage and attendance, but there is no reason for preserving the affidavit as a part of the records of the court. This item should be reduced accordingly. It is but just to say that no charge is made for filing these affidavits.

5. Item 9 includes charges for papers entered by the clerk upon the final record of the cases, and disallowed by the Comptroller as forming no proper part of the judgment record, and unnecessarily burdensome to the government. When the practice of a particular State or district requires a judgment record to be made up in each case, of course the clerk is entitled to his fees for services actually and necessarily performed in that connection. *United States* v. *Van Duzee,* 140 U. S. 169, 176, ¶ 9. But as to what shall be incorporated in such record, there is no settled practice and some diversity of opinion.

A record is substantially a written history of the proceedings from the beginning to the end of the case, but nothing which is not properly matter of record can be made such by inserting it therein. In several of the States the matters properly incorporated in judgment rolls are enumerated by statute. New York Code of Civil Procedure, § 1237; Wisconsin Code, § 191; California Civ. Code, § 670.

In *Mandeville* v. *Perry*, 6 Call, 78, the Court of Appeals of Virginia, in answering the question "what this court will consider as constituting the record of which it is to take notice in cases of common law," says: "I answer, the writ for the purpose of amending by, if necessary, the whole pleadings between the parties. Papers of which a profert is made, or oyer demanded. And such as have been specially submitted to the consideration of the court by a bill of exceptions, a demurrer to evidence, or a special verdict, or are inseparably connected with some paper or evidence so referred to. These, with the several proceedings at the rules or in court, until the rendition of the judgment, constitute the record in any common law suits, and are to be noticed by the court, and no others." Mr. Chitty, in his work upon Criminal Law, says, (1 Chitty Cr. Law, 720,) that "the record in case of felony, states the session of oyer and terminer — the commission of the judges — the presentment by the oath of the grand jurymen by name — the indictment — the award of the *capias* or process to bring in the offender — the delivery of the indictment into court — the arraignment — the plea — the issue — the award of the jury process — the verdict — the asking the prisoner why sentence should not be passed on him — and judgment of death passed by the judges." Perhaps the most satisfactory definition of a common law record in a criminal case under the American practice is found in *McKinney* v. *People*, 7 Illinois, 540, 551, wherein it is said: "In a criminal case, after the caption stating the time and place of holding the court, the record should consist of the indictment properly endorsed, as found by the grand jury; the arraignment of the accused, his plea, the impanelling of the traverse jury, their verdict, and the judgment of the court. This in general is all

that the record need state." And in *Dyson* v. *State*, 26 Mississippi, 362, 383, it is stated that "the record must affirmatively show those indispensable facts, without which the judgment would be void — such as the organization of the court; its jurisdiction of the subject-matter and of the parties; that the cause was made up for trial; that it was submitted to a jury sworn to try it, (if it be a case proper for a jury;) that a verdict was rendered, and judgment awarded."

Mr. Freeman, in his work upon Judgments, section 79, thus summarizes from the authorities "the matters which are not (unless made so by bill of exceptions or by consent, or by order of the court) matters of record," namely: "Matters of evidence, written or oral, including note, bond or mortgage filed in the case, and upon which suit is brought; an agreed statement of facts not in nature of special verdict; all motions, including motions to quash the writ, to amend the pleadings, for extensions of time, for continuances; for bonds, for prosecution, for bills of particulars; pleas stricken from the files, notices of motions, affidavits of claimants; bonds for trial of rights of property, affidavits in relation to conduct of jurors; all affidavits taken during the progress of the cause, memorandum of costs; power of attorney to confess the judgment, and affidavit in relation to the death of the maker thereof; report of judge of proceedings at the trial, reasons for his opinion in rendering judgment or in deciding application for a new trial; rulings of the court upon the admission of evidence; the instructions to the jury; statement of facts made by the judge for the purpose of taking the advice of the appellate court; and the ruling of the court upon an application to strike out a portion of the pleadings."

The extent to which a judgment record should go in its recital of the proceedings depends largely upon the purpose for which it is to be used. If it is designed for use in the review by the appellate court of the rulings of the court below, upon the introduction of testimony, or of the validity of the charge to the jury, it must contain in a bill of exceptions so much of the testimony or charge as is necessary to a clear understanding of the questions involved. But if,

upon the ·other hand, it be designed only for the purpose of
preserving a record of the conviction *in perpetuam rei me-
moriam*, little more is necessary than to set forth the process
and return thereto, the pleadings, journal entries, verdict ·and
judgment.   All the authorities agree that, in a criminal case,
it should show what the prisoner is charged with, that the
court .had jurisdiction of the case, that the defendant was
duly convicted and the sentence.   It may be said, in general,
that anything which is not necessary to support the validity
of the judgment is, presumptively at least, no part of the
record, however material it may have been in the progress of
the case.   It is entirely clear that it is unnecessary to set
forth matters merely incidental to the charge, and which
had no immediate bearing upon the result of the case, or ,of
the validity of the judgment.   Thus, in *Inglee* v. *Coolidge*, 2
Wheat. 363, it was held by this court that the report of the
judge who tried the case at *nisi prius*, containing a statement
of the facts, is not to be considered a part of the record.   It
was formerly held that, even in writs of error to a state
court, the opinion of the court below was not a part of the
record, (*Williams* v. *Norris*, 12 Wheat. 117, 119; *Rector* v.
*Ashley*, 6 Wall. 142; *Gibson* v. *Chouteau*, 8 Wall. 314,) but
the inconvenience of this rule became so great that it was
subsequently changed, (*Murdock* v. *Memphis*, 20 Wall. 590,)
and, finally, the eighth rule of this court was so modified, in
1873, as to require a copy of the opinion to be incorporated
in the transcript.   This court has also held, in *Suydam* v.
*Williamson*, 20 How, 427, that the evidence and the excep-
tions thereto constitute no part of the record, unless in-
corporated in a bill of exceptions signed and sealed by the
presiding judge.   See also *Pomeroy* v. *Bank of Indiana*, 1
Wall. .592.

We have already held, in *United States* v. *King*, *ante*, 676,
that, in the absence of a rule requiring them to be incorpo-
rated, the proceedings before a commissioner form no part
of the record, and we think the same rule applies to affidavits,
*England* v. *Gebhardt*, 112 U. S. 502, warrants, subpœnas,
capiases, except the one upon which the arrest was made, but

that the other charges included in item 9, including the bonds taken after indictment, captions of terms and days upon which journal entries were made, were properly allowed. We are also of the opinion that the Comptroller cannot prescribe the length of capiases or bonds, or limit the clerk to a certain number of folios. This is a matter to be determined by the practice of the court.

This disposes of all the questions raised upon the assignment of errors, and the judgment of the court below is, therefore,

*Reversed, and the case remanded for further proceedings in conformity with this opinion.*