## UNITED STATES v. CONVERSE.

(Circuit Court of Appeals, Seventh Circuit. October 1, 1894.)

### No. 140.

CLERK OF COURT—FEES.

    Clerks of district courts are not entitled to fees for filing certificates of discharge of witnesses, nor for filing duplicate abstracts and vouchers; but they are entitled to fees for entering orders of court for the marshal to pay witnesses and jurors, for making certificates to such orders, and for taking and entering of record separate recognizances of witnesses where it is shown that the witnesses could not recognize together without hardship.

In Error to the Circuit Court of the United States for the Southern District of Illinois.

Petition by Mervin B. Converse against the United States for fees as clerk of the district court. Petitioner obtained judgment. Defendant brings error.

Wm. E. Shutt, Dist. Atty., for the United States.

Mervin B. Converse, pro se.

Before WOODS and JENKINS, Circuit Judges, and BAKER, District Judge.

BAKER, District Judge. The defendant in error was appointed clerk of the district court of the United States for the southern district of Illinois, on March 13, 1880, and has continued to hold that office until the present time. Between the 1st day of July, 1887, and the 30th day of September, 1891, his accounts, 17 in number, were duly presented to and approved by the court, in the presence of the United States district attorney. The accounting officers disallowed some of the items charged therein. He made up an account for these disallowances between the 1st day of July, 1887, and the 30th day of September, 1891, which was duly presented and sworn to in open court, for the purpose of bringing this suit. These disallowances comprise the following items: (1) Filing 2,765 certificates of discharge of witnesses by the district attorney, at 10 cents each, $276.50; (2) entering 2,574 orders for marshal to pay witnesses and jurors, at 15 cents each, $386.10; (3) copies of such orders for the marshal, at 10 cents each, $257.40; (4) certificates to 2,990 of such orders, at 15 cents each, $448.50; (5) writing 2,803 folios of complete record, at 15 cents each, $420.45; (6) affixing certificate and seal to 473 copies of sentences in criminal cases, at 20 cents each, and 61 certificates to copies of sentences, at 15 cents each, $103.75; (7) entering judgments of the court, $6.60; (8) docket fees in attachment cases, $4.00; (9) taking 365 recognizances of United States witnesses and defendants at 25 cents each, and entering of record the separate recognizances of 221 United States witnesses and defendants, of two folios each, at 15 cents per folio, $157.55; (10) filing 8 praecipes, and issuing and filing 8 subpoenas for government witnesses in the case of United States v. Grimes, $3.60; (11) filing duplicate abstracts and vouchers, $4.90; (12) for 103 oaths

administered to United States witnesses, at 10 cents each, $10.50; (13) complete record and docket fee in the case of United States v. Bruss, $2.95. The court below entered judgment for the full amount claimed, except that the item for entering judgments of the court amounting to $6.60 was reduced to $3.75. Counsel for the government has assigned error in respect to each item so allowed; but in argument he has abandoned his assignments of error, except those relating to the following items: (1) Filing 2,765 certificates of discharge of witnesses by the district attorney, $276.50; (2) entering orders for marshal to pay witnesses and jurors, $386.10; (4) certificates to the same, $448.50; (9) taking and recording recognizances, $157.55; (11) filing duplicate abstracts and vouchers, $4.90. We will proceed to consider these items in the order of their statement.

(1) This item embraces the fees charged for filing 2,765 certificates or orders of discharge issued to witnesses by the United States district attorney. In the case of U. S. v. Taylor, 147 U. S. 695, 13 Sup. Ct. 479, it is expressly decided that the clerk is not entitled to charge or receive any fee for filing certificates or orders of the district attorney discharging witnesses. The court below, therefore, erred in allowing the defendant in error therefor.

(2) This item embraces fees charged for entering of record orders for the marshal to pay witnesses and jurors. In the opinion of the court below, it is stated that it finds as matter of fact, established by the evidence on the trial, that the plaintiff, as clerk, did enter upon the minutes or record of the court 2,574 separate orders for the payment of United States witnesses and petit jurors, of one folio each. It is also found by the court, and stated therein, that for many years it has been the practice of the court to enter a separate order for the payment of witnesses and jurors as a measure of public convenience. There is no dispute in regard to these facts, nor in regard to the practice of the court in causing a separate order for the payment of each witness and juror to be entered of record on its minutes. The "several circuit and district courts" have the right, under section 918, Rev. St., to "regulate their own practice as may be necessary or convenient for the advancement of justice and the prevention of delays in proceedings." In the case of U. S. v. Van Duzee, 140 U. S. 199, 11 Sup. Ct. 941, it is held that, when a clerk performs a service in obedience to an order of the court, he is as much entitled to compensation as if he were able to put his finger upon a particular clause of the statute authorizing compensation for such services. Section 855, Rev. St., requires the entry of orders on the minutes of the court for the payment of jurors and witnesses in all cases where the United States is a party; section 828, Id., allows a fee of 15 cents per folio for the entry of all orders; and section 854, Id., defines a "folio." These orders having been entered of record on the minutes of the court in accordance with its practice, which it is expressly authorized by law to regulate, as well as under the express provisions of the statute, we can perceive no reason why the government should refuse to pay the compensation fixed by law for the services of the clerk in entering them. No au-

thority is cited by the plaintiff in error which supports its contention. The court committed no error in allowing this item.

(4) This item embraces charges for certificates to orders for the payment of jurors and witnesses. In the case of U. S. v. Taylor, 147 U. S. 695, 13 Sup. Ct. 479, it is said: "Charges for copies of orders and certificates thereto are allowable, but the charge for seals is disallowed, upon the authority of U. S. v. Van Duzee, 140 U. S. 169, 174, par. 6, 11 Sup. Ct. 758." As this item embraces charges for certificates only, and makes no claim for seals, the court properly allowed it, upon the authority of the above case.

(9) This item embraces charges for taking recognizances, and entering the same of record. These recognizances were separately taken and entered of record. It appears from the record to be the practice of the court for the clerk to take the acknowledgment of recognizances, and enter them upon the records. Only one acknowledgment was charged for each recognizance. The contention of the government is that more witnesses might have been included in a single recognizance; but it is not alleged in any pleading, nor is it shown by any evidence, that more witnesses might or ought to have been included in a single recognizance than were included. The charge is for a gross amount for taking and recording a stated number of recognizances, which were separately taken and entered of record. The court below found that to join them would often work a hardship to the witnesses, compelling all to wait until the last was discharged. The charge, in view of the findings of the court, seems to be a proper one, and the principle on which it is sustainable is not in conflict with, but is supported by, the case of U. S. v. Barber, 140 U. S. 164, 11 Sup. Ct. 749. In the case of U. S. v. King, 147 U. S. 676, 13 Sup. Ct. 439, it is held that a charge for taking separate recognizances is not allowable, "unless it be made to appear that the witnesses could not conveniently have recognized together." In this case the court found that the witnesses could not recognize together without working a hardship, which is equivalent to finding that they could not conveniently recognize together. It follows that the charge for taking these separate recognizances was a proper one; and, if so, the charge for entering them of record was also proper, as such recognizances, by law and by the practice of the court, are required to be spread of record. This item was properly allowed.

(11) This charge is for filing duplicate abstracts and vouchers. The defendant in error concedes, upon the authority of the case of U. S. v. Jones, 147 U. S. 672, 13 Sup. Ct. 437, that this item was improperly allowed. We are of opinion, upon the authority of this case, that this item is not allowable. The judgment of the court below is therefore reversed, and the case remanded, with directions to reduce the judgment in conformity with this opinion.