**Dan M. WHITE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 14736.

United States Court of Appeals
Fifth Circuit.

Sept. 3, 1954.

Rehearing Denied Oct. 29, 1954.

**2**

Richard Dowling, C. Ellis Henican and Thomas M. Brahney, Jr., Max M. Ainsworth, New Orleans, La., of counsel, for appellant.

M. Hepburn Many, Asst. U. S. Atty., and George R. Blue, U. S. Atty., New Orleans, La., for appellee.

Before HUTCHESON, Chief Judge, and RIVES, Circuit Judge, and RICE, District Judge.

RIVES, Circuit Judge.

The appellant was adjudged guilty under United States Code Title 26, § 145(b)[1] of having wilfully and knowingly attempted to defeat and evade a large part of the income tax due and owing by him to the United States of America for the calendar year 1945 by filing and causing to be filed on or about the 15th day of March, 1946, a false and fraudulent income tax return. Three questions are presented for review: (1) Was the prosecution barred by the statute of limitations; (2) Did the district court commit reversible error in refusing to admit the testimony of an expert witness offered by the defendant; (3) Did the district court commit reversible error in refusing to admit in evidence the letter identified as Defendant's Exhibit 18?

■ (1) The defendant presented his contention that the prosecution was barred by the Statute of Limitations in every conceivable way, e. g. by motion to dismiss prior to the trial, by motion for a judgment of acquittal at the close of the Government's case, and again at the close of all the evidence, and after the jury's verdict by motions in arrest of judgment and for a new trial. On the record as originally filed in this Court it appeared that the information was filed on May 7, 1952, more than six years after the alleged commission of the offense on March 15, 1946, six years being the period of limitation prescrib-

---

I. "§ 145. *Penalties*

    \*      \*      \*      •      •

    "(b) *Failure to collect and pay over tax, or attempt to defeat or evade tax.* Any person required under this chapter to collect, account for, and pay over any tax imposed by this chapter, who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution."

ed by United States Code Title 26, § 3748.[2]

Section 3748 further provides that, "Where a complaint is instituted before a commissioner of the United States within the period above limited, the time shall be extended until the discharge of the grand jury at its next session within the district." Appellant contends that that provision is applicable only to the conspiracy cases last previously treated in the section. We think it clear, however, that the quoted provision has general application the same as is expressly provided as to the preceding sentence in the section.

The ground upon which the district court ruled that the prosecution was not barred is indicated by the judge's statement to counsel that "The records of this Court will show that there was a complaint filed which will take the matter out of the Statute of Limitations"; and when defendant's counsel protested that the complaint had not been offered in evidence, the judge further commented, "I said the record. It hasn't been offered in evidence."

The record, as originally filed in this Court, showed nothing further on this issue. At the direction of the United States Attorney, the Clerk of the District Court certified and forwarded a supplemental transcript of record showing that on March 1, 1952, fifteen days prior to the expiration of the six year period, a Special Agent of the Internal Revenue Department filed a complaint before the United States Commissioner at New Orleans, Louisiana, charging the same offense against the defendant, that on the same date a Commissioner's summons was issued, and that on March 3, defendant appeared before the Commissioner with his attorney, waived preliminary examination, and was released on a cash bond of $5,000.00, conditioned for the defendant's appearance in the district court. Thereafter the defendant waived indictment and consented to a proceeding against him by way of information. In that proceeding he first entered a plea of "nolo contendere" which was later withdrawn and a plea of not guilty entered.

█ The appellant moved to strike the supplemental transcript because not designated by the United States Attor-

2. "§ 3748. *Periods of limitation*

"(a) *Criminal prosecutions.* No person shall be prosecuted, tried, or punished, for any of the various offenses arising under the internal revenue laws of the United States unless the indictment is found or the information instituted within three years next after the commission of the offense, except that the period of limitation shall be six years—

"(1) for offenses involving the defrauding or attempting to defraud the United States or any agency thereof, whether by conspiracy or not, and in any manner,

"(2) for the offense of willfully attempting in any manner to evade or defeat any tax or the payment thereof, and

"(3) for the offense of willfully aiding or assisting in, or procuring, counseling, or advising, the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a false or fraudulent return, affidavit, claim, or document (whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present

such return, affidavit, claim, or document).

"For offenses arising under section 37 of the Criminal Code, March 4, 1909, 35 Stat. 1096 (U.S.C., Title 18, § 88), where the object of the conspiracy is to attempt in any manner to evade or defeat any tax or the payment thereof, the period of limitation shall also be six years. The time during which the person committing *any of the offenses above mentioned* is absent from the district wherein the same is committed shall not be taken as any part of the time limited by law for the commencement of such proceedings. Where a complaint is instituted before a commissioner of the United States within the period above limited, the time shall be extended until the discharge of the grand jury at its next session within the district.

"(b) *Scope of limitations.* Subsection (a) of this section shall apply to offenses whenever committed; except that it shall not apply to offenses the prosecution of which was barred before June 6, 1932." (Emphasis supplied.)

**4**

ney within ten days after he was served with appellant's designation as permitted by Rule 75(a) of the Federal Rules of Civil Procedure, 28 U.S.C., made applicable to appeals in criminal cases by Rule 39(b) (1) of the Federal Rules of Criminal Procedure, 18 U.S.C. Since the matter appears pertinent, and since this Court, under the provisions of Rule 75(h) of the Federal Rules of Civil Procedure has authority to direct that such supplemental record be certified and transmitted by the clerk of the district court, we will not go through the useless formality of striking the present supplemental record and then ordering it to be refiled.

Appellant insists, however, that the proceedings before the Commissioner are not a part of the record of the court and in support of that contention cites Rules 12, 54 and 55 of the Federal Rules of Criminal Procedure; United States v. King, 147 U.S. 676, 13 S.Ct. 439, 37 L.Ed. 328; United States v. Taylor, 147 U.S. 695, 13 S.Ct. 479, 37 L.Ed. 335; Rosenthal v. United States, 8 Cir., 248 F. 684; and Ex parte Perkins, C.C., 29 F. 900. The two Supreme Court cases cited hold in effect that there is no duty on the part of the clerk of the court to enroll the papers sent up by the commissioner and, hence, that the clerk is not entitled to a fee for such services, though under the case of United States v. Van Duzee, 140 U.S. 169, 170, 11 S.Ct. 758, 35 L.Ed. 399, the clerk is entitled to a fee for filing such papers. Professor Wigmore has noted that in inferior courts, like that of a justice of the peace, final enrollment was never customary at common law. "Hence the justice's docket or minutes, with the original papers, represent in the first instance the proceedings; and though the legal theory persevered that

these courts do not possess records at all, in the strict sense, yet the practical features of a record are usually attributable to these books, so as to exclude proof of oral transactions." IX Wigmore on Evidence, 3rd. ed., Sec. 2450, pp. 161, 162. Without a further detailed discussion of each of the authorities relied on, we think it sufficient to state that we construe Rule 5(c) of the Federal Rules of Criminal Procedure to permit the district court to take judicial notice of the proceedings before the commissioner on preliminary examination which have been transmitted to the clerk of the district court.[3] To hold that the district court, knowing from a simple inspection of the papers in the possession of its clerk that a complaint had been instituted before a commissioner within the limitation period, and having further knowledge of the sessions of the grand jury within the district, would nevertheless be bound to rule that the prosecution was barred by the statute of limitations is not consistent with the declared purpose and construction of the Federal Rules of Criminal Procedure.[4] Though not so elaborately argued, this Court reached the same conclusion on the issue in Pollock v. United States, 202 F.2d 281, and we see no reason to depart from the holding in that case.

■■ (2) The district court refused to permit the defendant's expert witness Le Blanc to testify that income received by the defendant under a certain contract should have been properly classified as long term capital gain and not as ordinary income, and hence that the defendant's tax liability would have been substantially less than the tax claimed by the Government. The defendant had not reported the income either as capital gain or as ordinary in-

3. The concluding sentence of Rule 5(c), Federal Rules of Criminal Procedure, reads, "After concluding the proceeding the commissioner shall transmit forthwith to the clerk of the district court all papers in the proceeding and any bail taken by him."

4. "Rule 2. Purpose and Construction
"These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay."

come though concededly it was taxable as one or the other. The Government has no burden to prove the exact sums alleged in the information, and a treatment of a portion of defendant's income as capital gain would not have affected the defendant's guilt or innocence. Further, the defendant not having acted in accordance with the witness' opinion and hence that opinion not being relevant on the question of intention, we think that the opinion of the witness as to the law of the case could not be substituted for that of the court, and that the district court properly exercised its discretion in refusing to admit such evidence.[5] See VII Wigmore on Evidence, 3rd ed., Sec. 1952; United States v. Caserta, 3 Cir., 199 F.2d 905, 909. We find nothing in the cases relied upon by the appellant [6] to conflict with this conclusion.

(3) It was conceded that in his return filed March 15, 1946, the defendant had failed to report a considerable part of his income for the year 1945. The defendant filed three returns for that year, one in Mississippi on January 15, 1946, the second in Louisiana on March 15, 1946, upon which the prosecution was based, and a third in Louisiana on May 20, 1946, in which the defendant admitted unreported and unpaid income taxes for the year 1945 in excess of $30,000.00. The issue actually litigated was one of intention, whether the defendant wilfully and knowingly attempted to defeat and evade the income tax due and owing by him.

The defendant did not testify in his own behalf, but offered as his principal witness one J. O. McKinnon who was secretary of defendant's corporation and responsible for the keeping of its books. McKinnon testified that the defendant had mailed to him a 1945 return form entirely blank except for the defendant's signature, which form he had used in preparing the return filed March 15, 1946, upon which the prosecution was based; that the defendant had not furnished him with any of the information appearing in the return; and that the defendant did not see the return after the witness filled it out and before it was actually filed. Explaining his actions, the witness McKinnon testified:

"While Mr. White was in Arizona, he wrote me a letter, asking me to prepare a complete 1945 amended return and file the return on a community basis because he understood that it had to be filed by March 15 in order to get the advantage of the community basis."

The witness identified the letter which he testified he received from the defendant, it was marked for identification as "Defendant 18" [7] and offered in

---

5. "The Court: Mr. Henican, is the purpose of the witness to give a legal opinion on the tax consequences of this contract?

"Mr. Henican: Yes.

"The Court: Step down. The Court will sustain an objection. The Court will instruct the jury as to the law in this case."

6. United States v. Johnson, 319 U.S. 503, 63 S.Ct. 1233, 87 L.Ed. 1546; Beaty v. United States, 4 Cir., 203 F.2d 652; Banks v. United States, 8 Cir., 204 F.2d 666; Remmer v. United States, 9 Cir., 205 F.2d 277; Frankfeld v. United States, 4 Cir., 198 F.2d 679; Graves v. United States, 10 Cir., 191 F.2d 579; Kirsch v. United States, 8 Cir., 174 F.2d 595.

7.          "El Conquistador
         "Hotel and Cottages—Tucson,
         "Arizona      2/26/'46
   "Dear Mac—
      Re:   Community 1945 Return
   "Since I now have my executed property settlement agreement in hand, I believe I can file a community income tax return for 1946. A fellow here tells me I would have to elect to do this by 15th of next month. I had not planned to be back there until about March 20th. I enclose a blank 1945 return signed by me. I filed a partial return for 1945 in Jackson last January, before Laura would sign the final property settlement in Florida. I have been hoping she would sign in time for me to amend and file final '45 return by March 15th. However, as you know, I had to come on out here, and

evidence. The Government objected "on the grounds that it is a self-serving declaration and no evidence of receipt to corroborate the witness' testimony."[8] The court sustained the Government's objection and declined to admit the letter in evidence, stating: "The effect of the ruling of the Court is that you may ask the witness under whose instructions he filed the return but you may not ask him what those instructions were."

■ In this ruling, we are constrained to hold that the court committed reversible error. If the witness' testimony was true, the letter contained the defendant's written instructions for the preparation of the return upon which the prosecution was based. It was competent to be considered by the jury in passing upon the credibility of the witness and in determining the defendant's intent. The letter was not a subsequent self-serving act. It was written, according to the witness, before the return was filed, and the jury might well have believed that the letter showed better than any other evidence the defendant's state of mind and his intention in filing the return. Cf. Crawford v. United States, 212 U.S. 183, 29 S.Ct. 260, 53 L.Ed. 465; Barshop v. United States, 5 Cir., 191 F.2d 286, on rehearing 192 F.2d 699; Haigler v. United States, 10 Cir., 172 F.2d 986, 987; United States v. Matot, 2 Cir., 146 F.2d 197, 198; McCoy v. United States, 9 Cir., 169 F.2d 776.

"Statements of *design or plan,* as already noticed (ante, Sec. 1725), are in general admissible, so far as the design or plan is relevant to show the doing of the act designed. Accordingly, it has never been doubted that the *threats* of an *accused person* are admissible to show his doing of the deed threatened, so also the threats of the *deceased,* on a charge of homicide, are by most courts admitted to show the deceased to have been the aggressor. Upon the same principle, the expressions of plan, by the accused, *not to do* the thing charged, or to do a different thing, are equally admissible." VI Wigmore on Evidence, 3rd Ed., Sec. 1732, p. 99.

■ Appellee argues that "the appellant wished to have his story put before the jury without the necessity of

---

only got signed agreement just before I left. Please take the enclosed signed blank return and fill it out as accurately as you can, using copy there of my January Jackson return and adding all other income shown in my records there. Mark it as a tentative community return, or however it should be. When completed, please take it or duplicate out to Frances and have her sign. If you cannot get together the exact figures, do the best you can and if there are any great discrepancies I will amend and pay any taxes due as soon as I get back. Be sure to file with N. O. Collector by 3/15 since the community election is the only purpose of this return. We will finish amending all the other returns and pay any taxes due as soon as I return.

"You can't imagine what a relief it is to get my marital affairs in shape to face things again. It has been such a terrific strain for so many years now. Actually I think this has exhausted me more than the T.B. I am breathing better though.
  "Thanks.
  "C.M.W."

8. In argument to the district court, the United States Attorney further stated:
 "We feel that the letter sought to be admitted into evidence by counsel for the defendant comes directly under the rule set forth in Wigmore's Code of Evidence, 3rd Edition, 1942. Here is the rule:
 " 'General Principle. Every human assertion offering testimony, that is, as evidence of the truth of the facts asserted, must be subject to two tests.'
 "We say that doesn't meet the first test:
 " '1. The person making the assertion must be subjected to cross examination by the opponent, that is, must make it under such circumstances that the opponent has an adequate opportunity, if desired, to test the truth of the assertion by questions which the person can be compellable to answer.' "

his taking the witness stand." The defendant had a constitutional right not to testify in his own behalf, and his exercise of that right cannot be penalized by the exclusion of testimony otherwise admissible.

■ Appellee further argues that in the light of McKinnon's other testimony, the exclusion of the letter was not harmful to the defendant, relying upon Barshop v. United States, 5 Cir., 192 F.2d 699. In that case, the check and letter were not mailed until eleven days after the indictment was returned. Here the rejected letter caused the return to be filed upon which the indictment was based. It was the best evidence of its own contents and the defendant could not be restricted to secondary evidence of what his instructions were. Further, important parts of those instructions were not testified to by McKinnon, e. g.: "adding all other income shown in my records there"; "Mark it as a tentative community return * * *"; "if there are any discrepancies I will amend and pay any taxes due as soon as I get back"; "We will finish amending all the other returns and pay any taxes due as soon as I return." As previously stated, the letter was admissible also as bearing upon the credibility of the witness, or more specifically to aid the jury in testing the veracity of McKinnon on whether he had actually received such a letter and on his recollection of its contents. Of course, the genuineness of the letter and whether it was actually mailed and received at the time testified to by McKinnon were matters for the consideration of the jury. The jury in its verdict recommended clemency. We cannot say that, if this letter had been before the jury, it might not have returned a verdict for the defendant. See Kotteakos v. United States, 328 U.S. 750, 764, 66 S.Ct. 1239, 90 L.Ed. 1557. The judgment is, therefore, reversed and the case remanded for a new trial.

Reversed and remanded.

## On Petition for Rehearing.

On petition for rehearing the appellant vigorously urges; that this Court erred in construing Rule 5(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. to permit the District Court to take judicial notice of the proceedings before the Commissioner on preliminary examination; that, while the record in Pollock v. United States, 5 Cir., 202 F.2d 281, showed that the complaint before the Commissioner was transmitted and filed in the Office of the Clerk of the District Court on a date before the trial of that case, that is not true of the record in the present case.

The appellant further insists that, since the only evidence before the jury went to show that the statute of limitations had run, this Court should grant a rehearing and, instead of remanding the case for a new trial, should now sustain the motions for judgment of acquittal which were made by the defendant at the close of the Government's case and at the close of all the evidence.

■■ It is true that we had assumed that the Commissioner had complied with Rule 5(c), especially so in view of the statement of the District Judge to counsel that, "The records of this Court will show that there was a complaint filed which will take the matter out of the statute of limitations". That statement was not controverted except by the insistence that the complaint had not been offered in evidence. However, a further careful examination of the record and supplemental transcript does not disclose when, if at all, the Commissioner did so comply. Our holding was that the District Court was permitted "to take judicial notice of the proceedings before the Commissioner on preliminary examination *which have been transmitted to the Clerk of the District Court*". (Emphasis supplied.) If in fact the papers had not been so transmitted at the time of trial, then they had not become in any sense a part of the record upon which the

**8**

District Court could rely in ruling as a matter of law that the prosecution was not barred by the statute of limitations. Counsel for appellant emphatically state that,

> "a careful examination of the records contained in the Office of the United States Commissioner, and of the records contained in the Office of the Clerk of the United States District Court, discloses that the proceedings before the United States Commissioner were not in the record of this case at the time of the trial, and were not in the Office of the Clerk of the United States District Court at the time of trial; and had never been lodged or filed in the Clerk's Office at the time of trial."

Under that situation, to toll the statute of limitations it was necessary for the Government to prove by evidence properly introduced before the jury that a complaint was instituted before a Commissioner of the United States within the limitation period and that the time when the present information was instituted was before the discharge of the grand jury at its next session within the district, 26 U.S.C.A. § 3748. The defendant of course, had a right, if he could, to controvert any such evidence and to prove contrary facts.

It does not follow, however, that this Court is now required to direct a judgment of acquittal. Upon reversal of a District Court for its denial of a motion for judgment of acquittal, this Court may direct a new trial if "just under the circumstances", 28 U.S.C.A. § 2106; Bryan v. United States, 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335. The tolling of the statute of limitations may depend upon questions of fact to be determined on another trial. The judgment remains reversed and the case remanded for a new trial, and the petition for rehearing is

Denied.