Paul E. STEFFEY, L. Louise Steffey and Florence Slack, Partners, doing business under the name and style of Zephyr Cleaners, the Sperry and Hutchinson Company, a corporation, and Gold Bond Stamps, Inc., a corporation, Appellants, (Plaintiffs below),

v.

CITY OF CASPER, a municipal corporation, W. S. Anderson, Mayor of the City of Casper, Paul Danigan, Chief of Police of the City of Casper, and Frank Bowron, Municipal Magistrate of the City of Casper, as agents of the City of Casper, Natrona County, Wyoming, Appellees, (Defendants below).

Norman B. GRAY (substituted for Thomas O. Miller), Attorney General of the State of Wyoming, Bernard E. Cole, County and Prosecuting Attorney, Laramie County, Wyoming, Norbert E. Tuck, Sheriff, Laramie County, Wyoming, Appellants, (Defendants below),

v.

GOLD BOND STAMPS, INC., a corporation, National Gift Seal Company of Wyoming, a corporation, Pioneer Savings Stamps, Inc., of Colorado, a corporation, the Sperry and Hutchinson Company, a corporation, Appellees, (Plaintiffs below).

Nos. 2908, 2933.

Supreme Court of Wyoming.
Jan. 23, 1961.

In support of the petition for rehearing, there was a brief for the appellants in Case No. 2908 and appellees in Case No. 2933 by Robert A. Burgess, Casper, for Paul E. Steffey, L. Louise Steffey and Florence Slack; by George F. Guy of Guy & Phelan, Cheyenne, for National Gift Seal Company of Wyoming and Pioneer Savings Stamps, Inc.; by John U. Loomis of Loomis, Lazear & Wilson, Cheyenne, for The Sperry and Hutchinson Company; and by William J. Wehrli, Casper, for Gold Bond Stamps, Inc.; Robert W. Sweet, Casey, Lane & Mittendorf, New York City, and Levitt, Palmer & Rogers, Minneapolis, Minn., of counsel. Oral argument for petitioners by Mr. Wehrli.

In answer to brief in support of petition for rehearing, there was a brief for the appellees in Case No. 2908 by Robert R. Rose, Jr., Casper, and for appellants in Case No. 2933 by Norman B. Gray, Atty. Gen., Cheyenne. Oral argument by Mr. Rose and Mr. Gray.

Before BLUME, C. J., and PARKER and HARNSBERGER, JJ.

Mr. Justice HARNSBERGER delivered the opinion of the court.

A petition for rehearing was filed herein, alleging the court erred in holding § 2(b) of the Trading Stamp Act, Ch. 84, S.L. of Wyoming, 1959, unconstitutional and severable, and thereby extended the prohibition on the issuance of trading stamps to merchants issuing their own stamps who had theretofore been exempted by § 2(b), contrary to Art. 2, § 1 of the Wyoming Constitution and the 14th Amendment of the Constitution of the United States. Error was also claimed because the court deemed the statute to be a regulation rather than an absolute prohibition.

A rehearing was granted limited, however, to the question of the first of these alleged errors, inasmuch as it was felt that the court had sufficiently and fully discussed the second matter in the original opinion.

Our understanding of the petitioners' position is that by holding § 1 of the Act, together with the penalty and severability sections, to be valid and constitutional and holding § 2(b) of the Act to be discriminatory and unconstitutional we improperly subjected the excepted class of merchants to the prohibitions of § 1 of the Act and consequently to the criminal penalties imposed for violation of that section. In support of this position, petitioners insist that by so doing we have been guilty of judicial legislation.

In the view the court is now disposed to take of the entire question, it is unnecessary, at this time, to decide the point. This is because the petitioners' complaint is rooted in the assumption that we held § 2(b) to be discriminatory and unconstitutional. If that assumption is not correct, however, the conclusion reached by petitioners must necessarily be incorrect as well.

In an effort to now dispose of this entire matter in such manner as to leave no reasonable doubt as to the decision, this further expression of the court's views is given regarding what was said respecting the legislative classification upon which the con-

stitutionality of § 2(b) depends and the court's holding with respect to the same.

A careful re-examination of our opinion discloses no statement was made that § 2(b) was discriminatory and unconstitutional. Nor was there a holding that the legislative classification was unreasonable or improper when it put merchants who issued their own stamps and redeemed them in cash or from their own merchandise in an excepted class and made trading stamp companies who sold their stamps to merchants and redeemed them from trading stamp company merchandise subject to § 1 of the Act.

The stipulated facts and the evidence clearly show the evil sought to be eliminated arose from the trading stamp company business rather than from the business of merchants who issued their own stamps and redeemed the same in cash or from their own merchandise. From this it must be concluded the paramount purpose of the Act was to eliminate the trading stamp company business which was causing trouble and which alone, at least in the legislative view, presented an evil to be dealt with. However, to hold § 2(b) unconstitutional would leave the balance of the Act going beyond the legislature's purpose and contrary to its expressed intent.

On the other hand, the opinion specifically held the Act in question valid and constitutional. Even the words "except as hereinafter noted" [357 P.2d 468], appended to that holding, were left meaningless as no different holding was thereafter made.

It is not overlooked that several other statements regarding the constitutionality of the statute were qualified by adding "except as herein stated" or "except as hereinafter noted". But here again nothing followed to implement those phrases.

Possibly with some justification, but certainly without carefully considering all that was said in the opinion, petitioners assume § 2(b) was held unconstitutional, for in their brief they say:

"It was correctly held by this Court that the exception of trading stamps

issued and redeemed by merchants made by section 2(b), chapter 84, S.L. of Wyoming, 1959, created a discriminatory classification contrary to Article 1, Section 34 of the Constitution of this state."

Actually, the whole of our thinking was expressed in the statement:

"* * * we are inclined to agree that it may be doubtful that the classification is warranted. If not warranted, it is void as running counter to the provision for uniformity of legislation as stated in Art. 1, § 34, of our constitution * * *."

Following this the pros and cons of the question of classification were discussed, but the court did not at any place in the opinion reach any conclusion regarding the legislative classification, hold it to be unwarranted or hold § 2(b) unconstitutional.

■ While the court said the overwhelming weight of authority was contrary to the holding in the Kansas case of State v. Wilson, 101 Kan. 789, 168 P. 679, L.R.A. 1918B, 374, which upheld a classification similar to that relied upon here to support the validity of the excepting section, upon a more careful consideration of these contrary decisions, those authorities are not quite as formidable as appeared at first blush. Most of the differing decisions rest, in the main, upon the theory that the general trading stamp company device is fair and innocent and, therefore, beyond the reach of legislation. The court did not, and does not, accept the theory that such legislation is beyond the power of the legislature to control. Nor, as previously stated, can it be said the legislation in question here is either arbitrary or capricious and without reasonable relation to the evil sought to be suppressed.

The question of proper and improper classification has always been a much mooted one, and where the line of demarcation between the two is finely drawn, even slight differences may tip the scales one way or the other. It is evident from their enactment of § 2(b) the legislature felt there

was a clear distinction between those so excepted and those made subject to § 1 of the Act.

█ Courts are charged with the duty of upholding the constitutionality of statutes which the legislature enacts if that is at all possible, and the better view is that any doubt must be resolved in favor of constitutionality.

The following reasoning of the Kansas court in State v. Wilson, supra, seems sound and logical, when it stated at 168 P. 685:

"But a difference of kind as well as of degree is to be noted. The use of trading stamps redeemable only by a concern engaged in that sole business is open to special objection, not merely on the ground that it may increase whatever injurious effect is inherent in the general plan, but for the further reason that it has harmful qualities peculiar to itself. * * * The trading stamp device, where redemption is made otherwise than through the dealer using them, necessarily introduces a middleman into the transaction between the dealer and his customer—a third party who makes a profit out of their bargaining. Such a middleman—a company engaged solely in the business of issuing and redeeming stamps—is in a position to exert an unfavorable influence upon local conditions. It may by the method suggested create a monopoly * * *; it may by playing one concern against another force its system upon a community."

One difference readily apparent is that not only must the merchant pay the stamp company for the cost of the stamps themselves, but must also pay for merchandise not usual to his business, plus the cost of handling and redeeming that merchandise and the necessary overhead involved in that separate activity. In the case where a merchant issues and redeems his own stamps, either in cash or merchandise from his general stock, it amounts to nothing more than giving a discount on purchases from him— no coercion is exercised or it is at least considerably minimized. This in itself makes distinction between trading stamps being sold to the merchant by a trading stamp company and a merchant issuing and redeeming his own stamps from his own stock or in cash. The holding in State v. Wilson, supra, is logical, sound and correct, and is in complete harmony with the only holding made in the former opinion. A holding to the contrary would not be in harmony therewith.

█ We therefore hold the legislature made a reasonable and proper classification when in § 2(b) it excepted from the operation of § 1:

"* * * the use, issuance, distribution, furnishing or redemption of any coupon, ticket, certificate, card or other similar device which is; * * * issued, distributed, furnished or redeemed by a merchant when such coupon, ticket, certificate, card, or other similar device is redeemable at face value, in cash or merchandise from the general stock of said merchant at regular retail prices at the option of the holder thereof."

We also hold the Act is valid and constitutional in its entirety and that no section or part thereof is invalid or unconstitutional. Any expression in the original opinion which may seem in conflict with these views is deleted or modified so as to conform with this decision.

The judgment of the District Court of Natrona County, namely the Casper case, is affirmed, and the judgment of the District Court of Laramie County, namely the Cheyenne case, is reversed. No costs will be assessed for the briefs filed in these cases.