Carl W. HOLM, Appellant (Proposed Patient below),

v.

The STATE of Wyoming, Appellee (Plaintiff below).

No. 3398.

Supreme Court of Wyoming.

Aug. 9, 1965.

James E. Birchby, Sheridan, for appellant.

William K. Archibald, Deputy County Atty., Sheridan, Dean W. Borthwick, Deputy Atty. Gen., Cheyenne, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

The appeal in this case is from an order of the district court in Sheridan County ordering that Carl W. Holm, appellant, be involuntarily hospitalized pursuant to Ch. 188, S.L. of Wyoming, 1963 (Ch. 4, §§ 25–49 through 25–89, W.S.1963 Cum. Supp.), pertaining to the hospitalization of mentally ill persons.

The order in question was based upon a verdict rendered after trial to a jury of six persons. On behalf of Holm, his court-appointed attorney contends reversible errors were committed in trial procedures; that there was insufficient evidence to support the verdict; that Holm was denied his constitutional rights of due process and equal protection; and that Ch. 188 is an unconstitutional encroachment by the legislature upon the prerogatives of the judiciary.

Despite his attack upon the legislation here involved, counsel admits the 1963 law is a well-intentioned statute meant to protect people who are thought to be mentally ill. We agree with this statement, and we shall not declare any portion of Ch. 188 unconstitutional which can reasonably be interpreted as being constitutional. Steffey v. City of Casper, Wyo., 358 P.2d 951, 954; Hanson v. Town of Greybull, 63 Wyo. 467,

183 P.2d 393, 397; State ex rel. Wyckoff v. Ross, Governor, 31 Wyo. 500, 228 P. 636, 638.

Hence, our *first* consideration is to determine whether Ch. 188 can be interpreted in a manner consistent with the requirements of due process of law. If it can be, then a *second* consideration will be necessary and that will be to determine whether the trial court in this instance did or did not construe and apply such chapter in a manner consistent with the requirements of due process.

### Constitutionality of Statute

■ The language of the 14th Amendment to the United States Constitution and of Art. 1, § 6, Wyoming Constitution, is unequivocal and clear. Both declare that no person shall be deprived of life, "liberty" or property without due process of law. No matter how commendable the motives back of legislation for the mentally ill may be, it still remains the fundamental law of the land that a person is not to be deprived of his liberty—whether by involuntary hospitalization or some other kind of incarceration—without due process of law.

As far as this case is concerned, two provisions of the statute pertaining to mental illness are challenged. We will review these provisions, and in the absence of further specifications of unconstitutionality, we shall not undertake to pass upon other portions of the act.

Section 12(h) of Ch. 188, which has to do with hearings in connection with proceedings for involuntary hospitalization, states:

" * * * The hearings shall be conducted in as informal a manner as may be consistent with orderly procedure and in a physical setting not likely to have a harmful effect on the mental health of the proposed patient. The court shall receive all relevant and material evidence which may be offered and shall not be bound by the rules of evidence."

Section 12(j) of Ch. 188 provides:

"If, upon completion of the hearing and consideration of the record, the court or the jury when the hearing is conducted in its presence, finds that the proposed patient:

"(i) Is mentally ill, and

"(ii) Because of his illness is likely to injure himself or others if not cared for in a hospital, or

"(iii) Is in need of care or treatment in a hospital and, because of his illness, lacks sufficient capacity to make responsible decisions with respect to his hospitalization;

"the court shall order his hospitalization and shall assign him to the board [State Board of Charities and Reform]. * * *"

Wyoming's mental health law (Ch. 188) has been patterned after a *Draft Act Governing Hospitalization of the Mentally Ill,* which was prepared by a working committee formed in the Federal Security Agency, Public Health Service. The stimulus for this effort came from meetings of the Governors' Conference and a detailed report of the Council of State Governments on state programs for the care of the mentally ill.

At least 12 states, besides Wyoming, have adopted the Draft Act in whole or in part. The Act was not designed as a uniform act, but was intended as an aid or working model to states considering revision of statutes relating to mental health.[1]

Some of these states, like Wyoming, have retained the language indicating that the court "shall not be bound by the rules of evidence," while other states have either omitted or changed such language. We have found no prior decisions in which the

1. See 57 Mich.L.Rev. 948 (1959); and F. T. Lindman & D. M. McIntyre, Jr., The Mentally Disabled and the Law—"The Report of the AMERICAN BAR FOUNDATION on the Rights of the Mentally Ill"—Appendix A, p. 398 (1961). Also see State ex rel. Fuller v. Mullinax, 364 Mo. 858, 269 S.W.2d 72, 73 (1954).

language has been challenged as unconstitutional.

*Rules of Evidence.* Concerning § 12(h) which has to do with the manner in which hearings are to be conducted, appellant argues that this section permits the trial court to receive evidence without being bound by rules of evidence, and that this results in a denial of due process of law.

If we look at the entire provision quoted above from § 12(h), we see that the legislature has said the hearings shall be conducted in as informal a manner as may be consistent with orderly procedure. The last sentence states the court shall receive all relevant and material evidence which may be offered "and shall not be bound by the rules of evidence."

█ No statute which deprives a person of life, liberty, or property without due process of law, contrary to Art. 1, § 6, of our constitution can stand, and the court cannot enlarge or abridge substantive rights. State ex rel. Frederick v. District Court of Fifth Judicial District In and For County of Big Horn, Wyo., 399 P.2d 583, 584; Enos v. District Court of First Judicial District In and For Arapahoe County, 124 Colo. 335, 238 P.2d 861, 863.

█ Formality or informality of procedure is unrelated to the constitutional right of due process. Neither can relevancy or materiality supplant the need for competency of evidence which is required in courts of law. Matters that are irrelevant or immaterial may only unnecessarily encumber trial proceedings. Incompetent evidence on the contrary brings before the trier of fact evidence which is unauthenticated and therefore unworthy of belief, an example of which would be hearsay.

█ If strictly construed, the phrase "and shall not be bound by the rules of evidence" would abolish court procedures, because court rules of evidence are court procedures. Courts have inherent power to control the course of litigation and to adopt suitable rules therefor. State ex rel. Frederick v. District Court of Fifth Judi-

cial District In and For County of Big Horn, supra; Keeler v. Superior Court of California, In and For County of Sacramento, 46 Cal.2d 596, 297 P.2d 967, 970; Tide Water Associated Oil Company v. Superior Court of Los Angeles County, 43 Cal.2d 815, 279 P.2d 35, 41. See also Suchta v. O. K. Rubber Welders, Inc., Wyo., 386 P.2d 931, 933. This means, of course, it is not within the power of the legislature to prescribe how courts shall perform their functions any more than courts can prescribe how the legislature or executive officers shall perform their functions.

█ The phrase "and shall not be bound by the rules of evidence" can, however, be considered as unconstitutional and void without affecting the remainder of the act. On several previous occasions, we have recognized that whether a legislative act should be considered unconstitutional as a whole when a portion thereof is invalid depends primarily upon the intention of the legislature; and that the burden of proof that the statute was meant to be indivisible rests on the party attacking its consitutionality. Bell v. Gray, Wyo., 377 P.2d 924, 926; Steffey v. City of Casper, Wyo., 357 P.2d 456, 469, rehearing granted and opinion modified 358 P.2d 951; Local Union No. 415 of International Brotherhood of Electrical Workers v. Hansen, Wyo., 400 P.2d 531, 538.

In the case at bar appellant does not even suggest that the act is indivisible and no showing has been made of the unconstitutionality of the act as a whole. Moreover, it is clear that deletion of the phrase pertaining to rules of evidence does not destroy or affect any of the purposes of the act.

█ *Consideration of the Record.* In connection with § 12(j), appellant claims it authorizes the jury to consider the entire court file, and that this is a denial of due process. The section provides that if, upon completion of the hearing and "consideration of the record," the jury finds certain things the court is to order hospitalization.

The question as to whether the section violates a proposed patient's constitutional right to due process of law hinges upon the interpretation to be given to the word "record."

It must be kept in mind that nothing in § 12(j) expressly states that the entire court record, or court file, is to be submitted to the jury for its consideration. The words "record" and "file" are not synonymous, and there would be no basis for assuming the legislature intended the word "record" to mean "file."

According to § 12 of the mental illness statute, trials may be had either before the court or before a jury. Inasmuch as nothing in the statute expressly enlarges upon the duties of the jury to consider record matters not before it, we will assume the legislature had in mind that the court would consider the record of proceedings before it and the jury would consider the record of proceedings before it.

Ballentine, Law Dictionary with Pronunciations, pp. 1096–1097 (2d Ed. 1948), states that a "record" is substantially a written history of the proceedings from the beginning to the end of the case. See United States v. Taylor, 147 U.S. 695, 13 S.Ct. 479, 37 L.Ed. 335. In the ordinary trial of a case the only record a jury has an opportunity to consider is the record of proceedings had before it.

Such a record—thought of as a history of proceedings—would include the evidence, instructions of the court and argument of counsel. We do not do violence to the English language or to any rule of construction which has been called to our attention when we take the word "record" to mean record of proceedings before the jury, insofar as the word is applicable to the jury.

### Trial Court's Construction

 What has already been said is sufficient to demonstrate that there is no reason, as far as this case is concerned, to declare any of § 12(j) unconstitutional. This brings us to a consideration of wheth-er the trial court properly construed and applied such section in the instant case.

The record on appeal discloses that in the course of his instructions to the jury the judge stated: "This procedure was commenced by the signing of a Complaint, and the file, I believe, will go with you." An affidavit of one of the jurors affirms that the court file was in fact submitted to and examined by the jury. In particular, the juror stated that the file contained a medical report of Dr. Friedrichs, a medical doctor at the Veteran's Administration Hospital in Sheridan, Wyoming, which the jury examined and considered.

Counsel for appellant claims Dr. Friedrichs appeared at the hearing pursuant to a subpoena and stated he was not competent to testify about Holm's mental condition as he was a medical doctor and not a psychiatrist. Neither counsel's claim about Dr. Friedrichs nor the juror's affidavit is countered by the state. In any event, the record on appeal does not indicate that Dr. Friedrichs testified at the hearing.

One of the most basic elements of due process is the right of each party to be apprised of all the evidence upon which an issue is to be decided, with the right to examine, explain or rebut such evidence. New Jersey State Board of Optometrists v. Nemitz, 21 N.J.Super. 18, 90 A.2d 740, 745; State v. Gordon, 225 N.C. 241, 34 S.E.2d 414, 416. And, the right to hear and controvert all evidence upon which a factual adjudication is to be made includes the right to hear and cross-examine witnesses. Pennsylvania State Athletic Commission v. Bratton, 177 Pa.Super. 598, 112 A.2d 422, 425; In re Buchman's Estate, 123 Cal.App.2d 546, 267 P.2d 73, 84, 47 A.L.R.2d 291, Id. 132 Cal.App.2d 81, 281 P.2d 608, 53 A.L.R.2d 451, certiorari denied 350 U.S. 873, 76 S.Ct. 118, 100 L.Ed. 772.

We think the court file in this case may have contained matters, such as the report of Dr. Friedrichs, which were not proper evidence, and which would be prejudicial to the proposed patient, who had no oppor-

tunity to cross-examine nor to controvert the effect of such evidence.

The case should therefore be reversed and remanded for a new trial, in which trial the court shall consider it itself bound by the rules of evidence and shall not submit the file or other improper evidence to the jury. We consider Ch. 188 an unconstitutional encroachment upon the prerogatives of the judiciary only insofar as we have indicated with respect to the phrase declared to be void in § 12(h). We do not deem it necessary to discuss other errors suggested on behalf of appellant since a new trial is being granted, and since the only claim of denial of due process and equal protection has to do with the constitutionality of the two provisions we have discussed.

Reversed and remanded for new trial.