DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KAREEN KENNETH WALKER**,
Appellant,

v.

**STATE OF FLORIDA**,
Appellee.

No. 4D17-2179

[August 1, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Meenu Sasser, Judge; L.T. Case No. 502012CF011220AXXXMB.

Antony P. Ryan, Regional Counsel, and Louis G. Carres, Special Assistant Conflict Counsel, Office of Criminal Conflict and Civil Regional Counsel, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Marc B. Hernandez, Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

The Defendant appeals his conviction for one count of second-degree murder with a firearm. The Defendant raises several issues, and we affirm with one exception. We agree with the Defendant that the court erred in considering his jailhouse behavior at sentencing.

Our review of a court's sentence is *de novo, Norvil v. State*, 191 So. 3d 406, 408 (Fla. 2016), but is limited when the court has sentenced the defendant within the minimum and maximum limits established by the legislature. *Nusspickle v. State*, 966 So. 2d 441, 444 (Fla. 2d DCA 2007). This limited review includes the consideration of impermissible factors at sentencing. *Charles v. State*, 204 So. 3d 63, 66 (Fla. 4th DCA 2016).

At sentencing, the State informed the court of the Defendant's prior convictions. The State then argued that the Defendant misbehaved in jail, and stated:

And he's been a total -- constant misbehavior in the jail. Not the victim of other inmates, but, in fact, victimizing the deputies, throwing urine on them and striking them, which leads to these other charges.

After counsel for the State and the Defendant concluded their argument, the court determined the Defendant was subject to the 10-20-Life Statute. The court sentenced him to "forty years' imprisonment, a mandatory minimum imprisonment of forty years imprisonment day-to-day for life punishment," with credit for time served.

Relevant here is the Florida Supreme Court's holding that "a trial court may not consider a subsequent arrest without conviction during sentencing for the primary offense." *Norvil*, 191 So. 3d at 410. Here, the court stated at sentencing that the "court is also taking into consideration the constant misbehavior in the jail with regards to his improper actions towards the guards and the issues that are going on in the jail with respect to that as well." This was contrary to *Norvil*.

The court considered a factor at sentencing that the Florida Supreme Court has found impermissible. Thus, we vacate the Defendant's sentence and remand for resentencing before a different circuit judge.

*Affirmed in part, vacated in part, and remanded for resentencing.*

MAY and CIKLIN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2