STATE OF LOUISIANA

VERSUS

ERROL VICTOR, SR.

NO. 15-KA-339

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON REMAND FROM THE UNITED STATES SUPREME COURT
AN APPEAL FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 10,172, DIVISION "B"
HONORABLE MARY H. BECNEL, JUDGE PRESIDING

June 19, 2020

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and Marc E. Johnson

**CONVICTION AND SENTENCE VACATED; REMANDED**
    **JGG**
    **SMC**
    **MEJ**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
     Honorable Jeffrey M. Landry
     Grant L. Willis
     Christopher N. Walters

COUNSEL FOR DEFENDANT/APPELLANT,
ERROL VICTOR, SR.
     Claiborne W. Brown

**GRAVOIS, J.**

## ON REMAND FROM THE UNITED STATES SUPREME COURT

On April 12, 2010, a St. John the Baptist Parish Grand Jury indicted defendant, Errol Victor, Sr., with the second degree murder of defendant's stepson, M.L. Lloyd, III, while engaged in the perpetration of the crime of cruelty to a juvenile, in violation of La. R.S. 14:30.1(A)(2)(b).  Trial commenced before a twelve-person jury on July 22, 2014.  On August 1, 2014, the jury returned a verdict of guilty as charged.  The verdict was non-unanimous (10/12).

Prior to sentencing, defendant filed several post-verdict motions, including a motion for post-verdict judgment of acquittal, motion in arrest of judgment, and motion for a new trial, all of which were denied by the trial court on August 25, 2014.  On September 15, 2014, defendant was sentenced by the trial court to life imprisonment at hard labor, without the benefit of parole, probation, or suspension of sentence, to run consecutively with any other sentence defendant may have been serving.  Defendant's conviction and sentence were affirmed by this Court on appeal.  His writ to the Louisiana Supreme Court was denied.  On April 27, 2020, the United States Supreme Court granted certiorari, vacated the judgment, and remanded the matter to this Court for further consideration in light of *Ramos* v. *Louisiana*, No. 18-5924, 590 U.S. ---, 140 S.Ct. 1390, --- L.Ed.2d ---, (2020), 2020 WL 1906545.[1]  *See State v. Victor*, 15-339 (La. App. 5 Cir. 5/26/16), 195 So.3d 128, *writ denied*, 16-1516 (La. 10/15/18), 253 So.3d

---

[1] The grant of certiorari by the United States Supreme Court in this case reads in its entirety as follows, to-wit:

> The motion of petitioner for leave to proceed *in forma pauperis* and the petition for a writ of certiorari are granted.  The judgment is vacated, and the case is remanded to the Court of Appeal of Louisiana, Fifth Circuit for further consideration in light of *Ramos* v. *Louisiana*, 590 U.S. ___ (2020).  Justice Alito, concurring in the decision to grant, vacate, and remand: In this and in all other cases in which the Court grants, vacates, and remands in light of *Ramos* v. *Louisiana*, I concur in the judgment on the understanding that the Court is not deciding or expressing a view on whether the question was properly raised below but is instead leaving that question to be decided on remand.  Justice Thomas would deny the petition for a writ of certiorari.

1300, *reconsideration not considered*, 16-1516 (La. 2/11/19), 263 So.3d 431,

*cert. granted, judgment vacated by Victor v. Louisiana*, 19-5989, --- U.S. ---

(2020), 2020 WL 1978934 (Mem.) (U.S. Apr. 27, 2020).

Following its opinion in *Ramos v. Louisiana*, on May 29, 2020, the United

States Supreme Court issued the following judgment in this case:

> To the Honorable the Judges of the Court of Appeal of Louisiana, Fifth Circuit.
>
> **GREETINGS:**
>
> Court of Appeal of Louisiana, Fifth Circuit case, STATE OF LOUISIANA, Appellee v. ERROL VICTOR, SR., Defendant-Appellant, No. 15-KA-339, was submitted to the **SUPREME COURT OF THE UNITED STATES** on the petition for writ of certiorari and the response thereto; and the Court having granted the petition.
>
> It is ordered and adjudged on April 27, 2020, by this Court that the judgment of the above court in this cause is vacated, and the cause is remanded to the Court of Appeal of Louisiana, Fifth Circuit for further consideration in light of *Ramos v. Louisiana*, 590 U.S. ___ (2020).
>
> **THIS CAUSE IS REMANDED** to you in order that such proceedings may be had in the said cause, in conformity with the judgment of this Court above stated, as accord with right and justice, and the Constitution and Laws of the United States.
>
> Witness the Honorable **JOHN G. ROBERTS, JR.,** Chief Justice of the United States, the 27th day of April, in the year Two Thousand and Twenty.

*Victor v. Louisiana*, *supra* (judgment issued on May 29, 2020).

On May 29, 2020, the United States Supreme Court also issued the

following mandate in this case:

> **ON PETITION FOR WRIT OF CERTIORARI** to the Court of Appeal of Louisiana, Fifth Circuit.
>
> **THIS CAUSE** having been submitted on the petition for writ of certiorari and the response thereto.
>
> **ON CONSIDERATION WHEREOF,** it is ordered and adjudged by this Court that the motion of petitioner for leave to proceed *in forma pauperis* and the petition for writ of certiorari are granted. The judgment of the above court in this cause is vacated, and the case is remanded to the Court of Appeal of Louisiana, Fifth

Circuit for further consideration in light of *Ramos v. Louisiana*, 590 U. S. ___ (2020).

April 27, 2020

*Victor v. Louisiana*, *supra* (mandate issued on May 29, 2020).

In the meantime, on May 1, 2020, following the United States Supreme Court's April 27, 2020 grant of certiorari noted above, but prior to that Court's issuance of its judgment and mandate in this case on May 29, 2020, defendant filed in this Court a Motion to Remand this matter to the district court in order to file various motions in the district court. This Court granted that motion, although prematurely, on May 14, 2020, but without first issuing a separate opinion pursuant to the Supreme Court's order of remand. On May 21, 2020, the State of Louisiana, through the Office of the Attorney General, filed an Application for Rehearing and Motion to Vacate Remand Order for Lack of Jurisdiction, pointing out that this Court's May 14, 2020 issuance of an Order granting the defendant's Motion to Remand was premature due to the fact that the Supreme Court's judgment and mandate in this case had not yet been issued.

At this time, pursuant to the above-quoted judgment and mandate issued by the United States Supreme Court, we now consider defendant's conviction in light of the Supreme Court's decision in *Ramos.* For the following reasons, in light of the Supreme Court's decision in *Ramos*, we find that defendant is entitled to a new trial and accordingly vacate defendant's conviction and sentence and remand the matter to the trial court for further proceedings consistent with this opinion.[2]

## **ANALYSIS**

The penalty for a conviction of second degree murder is found in La. R.S. 14:30.1, which provides that whoever commits the crime of second degree murder

---

[2] Additionally, we have separately considered and addressed the State of Louisiana's Application for Rehearing and Motion to Vacate Remand Order For Lack of Jurisdiction, and for the reasons stated therein and consistent herewith, we have granted the application for rehearing in part and denied the application for rehearing in part.

shall be punished by life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. Since the punishment for this offense is necessarily confinement at hard labor, a jury of twelve persons was required. *See* La. Const. Art. I, § 17; La. C.Cr.P. art. 782.[3]

Non-unanimous jury verdicts were previously allowed under both La. Const. Art. I, § 17 and La. C.Cr.P. art. 782, and the circumstances of the instant case. However, in *Ramos*, the United States Supreme Court found that the Sixth Amendment right to a jury trial—as incorporated against the States by the Fourteenth Amendment—requires a unanimous verdict to convict a defendant of a serious offense. The Court concluded:

> There can be no question either that the Sixth Amendment's unanimity requirement applies to state and federal criminal trials equally. This Court has long explained that the Sixth Amendment right to a jury trial is "fundamental to the American scheme of justice" and incorporated against the States under the Fourteenth Amendment. This Court has long explained, too, that incorporated provisions of the Bill of Rights bear the same content when asserted against States as they do when asserted against the federal government. So if the Sixth Amendment's right to a jury trial requires a unanimous verdict to support a conviction in federal court, it requires no less in state court. (Footnotes omitted.)

*Ramos*, *supra*, 140 S.Ct. at 1397.

For purposes of the Sixth Amendment, federal law defines petty offenses as offenses subject to imprisonment of six months or less, and serious offenses as offenses subject to imprisonment of over six months. The Sixth Amendment's right to a jury trial only attaches to serious offenses. *See generally Lewis v. United States*, 518 U.S. 322, 327-28, 116 S.Ct. 2163, 135 L.Ed.2d 590 (1996); *Hill v. Louisiana*, 2013 WL 486691 (E.D. La. 2013).

---

[3] Both La. Const. Art. I, § 17 and La. C.Cr.P. art. 782(A) provide, in pertinent part, that a case for an offense committed prior to January 1, 2019, in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict, and that a case for an offense committed on or after January 1, 2019, in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, all of whom must concur to render a verdict.

Considering that the United States Supreme Court has vacated the judgment in defendant's case because defendant was convicted of a "serious offense" by a non-unanimous jury verdict,[4] and that the instant case is still pending on direct appeal,[5] in compliance with the United States Supreme Court's directive in *Ramos*, we find that defendant is entitled to a new trial. Accordingly, in light of the Supreme Court's decision in *Ramos*, we vacate defendant's conviction and sentence and remand the matter to the trial court for further proceedings consistent with this opinion.[6]

## CONCLUSION

For the foregoing reasons, defendant's conviction and sentence are vacated and the matter is remanded to the trial court for further proceedings consistent with this opinion.

**CONVICTION AND SENTENCE
VACATED; REMANDED**

---

[4] Although defendant did not specifically challenge the non-unanimous jury verdict by assignment of error in his appeal to this Court, the jury verdict is considered part of our errors patent review. Louisiana courts have repeatedly held that the jury verdict is discoverable in the pleadings and proceedings for purposes of errors patent review. *See State v. Craddock*, 307 So.2d 342 (La. 1975); *State v. Sanford*, 248 La. 630, 181 So.2d 50 (1965); *State v. Anderson*, 07-752 (La. App. 5 Cir. 2/6/08), 979 So.2d 566, 571. *See also State v. Acevedo*, 19-824 (La. 6/3/20), ---WL --- ("If the non-unanimous jury claim was not preserved for review in the trial court or was abandoned during any stage of the proceedings, the court of appeal should nonetheless consider the issue as part of its error patent review. *See* La. C.Cr.P. art. 920(2).")

[5] A judgment becomes final on direct review when either: (1) the defendant fails to petition timely the United States Supreme Court for certiorari; or (2) that Court denies his petition for certiorari; and either (a) the defendant, having filed for and been denied certiorari, fails to petition the United States Supreme Court timely, under its prevailing rules, for rehearing of denial of certiorari; or (b) that Court denies his petition for rehearing. *See State v. Holliday*, 17-1921 (La. 1/29/20), 2020 WL 500475; *State v. Reed*, 14-1980 (La. 9/7/16), 200 So.3d 291, 338. Because the United States Supreme Court granted defendant's petition for certiorari, defendant's case is still pending on direct review.

[6] *See State v. Myles*, 19-965 (La. App. 4 Cir. 4/29/20), --- So.3d ---, 2020 WL 2069885, where the Louisiana Fourth Circuit Court of Appeal recently vacated the defendant's conviction and sentence in light of *Ramos* and remanded the matter to the district court for further proceedings.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JUNE 19, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 15-KA-339

### E-NOTIFIED
40TH DISTRICT COURT (CLERK)
HONORABLE MARY H. BECNEL (DISTRICT JUDGE)
GRANT L. WILLIS (APPELLEE)          CHRISTOPHER N. WALTERS (APPELLEE)
CLAIBORNE W. BROWN (APPELLANT)

### MAILED
HONORABLE JEFFREY M. LANDRY
(APPELLEE)
ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
1885 NORTH 3RD STREET
6TH FLOOR, LIVINGSTON BUILDING
BATON ROUGE, LA 70802

ERROL VICTOR, SR. #613100 (APPELLANT)
LOUISIANA STATE PENITENTIARY
ANGOLA, LA 70712

TERRI R. LACY (APPELLEE)
HEATHER HOOD (APPELLEE)
ASSISTANT ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
POST OFFICE BOX 94005
BATON ROUGE, LA 70804

PAMELA S. MORAN (APPELLEE)
ATTORNEY AT LAW
POST OFFICE BOX 24484
NEW ORLEANS, LA 70184-4484

COLIN CLARK (APPELLEE)
UNITED STATES DEPT OF JUSTICE
RUSSELL B LONG FEDERAL COURTHOUSE
777 FLORIDA STREET
SUITE 208
BATON ROUGE, LA 70801